C. A. Brown, Jr., *et al.*, v. State.

178 So. 153.

Opinion Filed January 5, 1938.

In Re Petition for Interpretation or Clarification of Opinion of This Court

*Pat Whitaker, Charles F. Blake, Tom Whitaker, D. B. Whitaker, Jr., Luther Johnson, E. A. Bosarge, L. E. Womack* and *C. A. Boyer,* for Plaintiffs in Error.

*Cary D. Landis,* Attorney General, *Roy Campbell, John L. Graham* and *Tyrus A. Norwood,* Assistant Attorneys General, and *J. Rex Farrior,* State Attorney, for the State.

PER CURIAM.—The Attorney General of Florida, joined by the States Attorney in and for the Thirteenth Judicial Circuit of Florida, has filed a petition in this Court praying interpretation or clarification of our opinion filed herein July 1st, 1937, and reported in 175 Sou. 515.

The information under which the defendants were placed on trial was in four counts.

The first count charged that the defendants, "on the 30th day of November, in the year of Our Lord, one thousand nine hundred thirty-five, with force and arms at and in the County of Hillsborough aforesaid, did unlawfully agree, conspire, combine and confederate among themselves, to without lawful authority, forcibly and secretly confine and imprison Eugene F. Poulnot, with intent to cause him to be confined and imprisoned in the County of Hillsborough, State of Florida, against his will, against the form of the Statute in such case made and provided, to the evil example of all others in the like case offending, and against the peace and dignity of the State of Florida;".

The second count charged that the defendants, "on the 30th day of November, in the year of Our Lord, one thousand nine hundred and thirty-five, with force and arms at and in the County of Hillsborough aforesaid, without lawful authority, did forcibly and secretly confine and imprison Eugene F. Pulnot, with intent to cause him to be confined and imprisoned in the County of Hillsborough, State of Florida, against his will, and R. G. TITTSWORTH, whose Christian name is to the Solicitor unknown, late of the County of Hillsborough aforesaid, in the State aforesaid, not standing in relation of husband or wife, parent or grandparent, child or grandchild, brother or sister by consanguinity or affinity to the said C. A. Brown, Jr., Sam E. Crosby, John P. Bridges, Robert Chappell, F. W. Switzer,

Arlie Gilliam, Edward Spivey, James Dean and C. W. Carlisle, or either of them, did then and there on the 30th day of November, in the year of our Lord one thousand nine hundred thirty-five, with force and arms at. and in the County of Hillsborough aforesaid, unlawfully and feloniously and with intent that the said C. A. Brown, Jr., Sam E. Crosby, John P. Bridges, Robert Chappell, F. W. Switzer, Arlie Gilliam, Edward Spivey, James Dean and C. W. Carlisle, should avoid and escape detection, arrest, trial and punishment, then and there well knowing what the said C. A. Brown, Jr., Sam E. Crosby, John P. Bridges, Robert Chappell, F. W. Switzer, Arlie Gilliam, Edward Spivey, James Dean and C. W. Carlisle had committed the aforesaid felony, did then and there maintain, assist and otherwise aid the said C. A. Brown, Jr., Sam E. Crosby, John P. Bridges, Robert Chappell, F. W. Switzer, Arlie Gilliam, Edward Spivey, James Dean and C. W. Carlisle, against the form and Statute in such case made and provided, to the evil example of all others in the like case offending, and against the peace and dignity of the State of Florida;"

The third count charged that the defendants, "on the 30th day of November in the year of our Lord, one thousand nine hundred and thirty-five, with force and arms at and in the County of Hillsborough aforesaid, did unlawfully agree, conspire, combine and confederate among themselves to, without lawful authority, confine, inveigle and kidnap *Eugene F. Poulnot* with intent to cause him to be secretly confined and imprisoned in the County of Hillsborough, State of Florida, against his will, against the form of the Statute in such case made and provided, to the evil example of all others in the like case offending, and against the peace and dignity of the State of Florida;"

And the fourth count charged that the defendants, "on

the 30th day of November in the year of Our Lord, one thousand nine hundred and thirty-five, with force and arms at and in the County of Hillsborough aforesaid, without lawful authority, did confine, inveigle and kidnap Eugene F. Poulnot with intent to cause him to be secretly confined and imprisoned in the County of Hillsborough, State of Florida, against his will, and R. C. TITTSWORTH, whose Christian name is to the Solicitor unknown, late of the County of Hillsborough aforesaid, in the State aforesaid, not standing in relation of husband or wife, parent or grandparent, child or grandchild, brother or sister by consanguinity or affinity to the said C. A. Brown, Jr., Sam E. Crosby, John P. Bridges, Robert Chappell, F. W. Switzer, Arlie Gilliam, Edward Spivey, James Dean and C. W. Carlisle, or either of them, did then and there on the 30th day of November, in the year of our Lord, one thousand nine hundred thirty-five with force and arms at and in the County of Hillsborough aforesaid, unlawfully and feloniously and with intent that the said C. A. Brown, Jr., Sam E. Crosby, John P. Bridges, Robert Chappell, F. W. Switzer, Arlie Gilliam, Edward Spivey, James Dean and C. W. Carlisle should avoid and escape detection, arrest, trial and punishment, then and there well knowing that the said C. A. Brown, Jr., Sam E. Crosby, John P. Bridges, Robert Chappell, F. W. Switzer, Arlie Gilliam, Edward Spivey, James Dean and C. W. Carlisle had committed the aforesaid felony, did then and there maintain, assist and otherwise aid the said C. A. Brown, Jr., Sam E. Crosby, John P. Bridges, Robert Chappell, F. W. Switzer, Arlie Gilliam, Edward Spivey, James Dean and C. W. Carlisle, against the form of the Statute in such case made and provided, to the evil example of all others in the like case offending, and against the peace and dignity of the State of Florida;".

Motions to quash each count of the information were presented and overruled and the defendants went to trial on the plea of not guilty to each count of the information. At the close of the State's testimony motion was made for a directed verdict in favor of the defendants upon the ground that the State had failed to produce sufficient evidence to warrant conviction under either count and also to withdraw each of the counts of the information from consideration of the jury upon the ground that each count failed to charge any offense under the laws of the State of Florida. After considering the motion and hearing argument of counsel the court withdrew from consideration of the jury the first, second and third counts of the information upon the ground, as was stated, that "the information do not sufficiently allege the statutory crime of kidnaping."

When these facts are considered in connection with what appears in our opinion, *supra,* it appears that but little, if any, elucidation should be necessary to understand exactly what is meant by what is said in that opinion.

The motion before us is an extraordinary one, the like of which has not heretofore been presented to this Court. The fact that it is presented by the chief law officer of the State is its chief claim upon our consideration. The opinion, *supra,* promulgated by this Court became the expression of the law of this case by which the lower court must be guided in a re-trial of the defendants under the fourth count of the information, if and when they are to be tried again. Therefore, justice demands that there be no misunderstanding of the enunciation of this Court in that regard and, for this reason, we will say that the opinion, *supra,* means (1) that when the State elected to charge a conspiracy to kidnap as well as the substantive offense of kidnaping in one information it elected to separate and deal with the conspiracy

allegations and the substantive offense allegations in such a manner that the defendants could be convicted of the offense of conspiracy or of the offense of kidnaping, or could be convicted of both, or be acquitted of either or both. Had the State merely charged the offense of kidnaping, then evidence would have been admissible to prove a conspiracy to commit the offense on the theory that the principal crime charged may be in part, at least, established by proving formation and execution of pre-existing conspiracy out of which the offense charged was accomplished. But, when the State elected to prosecute for both offenses and the defendants were acquitted on the charge of conspiracy, the State is then precluded from introducing evidence *only* tending to prove that offense of which the defendants have been found not guilty in the effort to establish the guilt of the defendants as to another substantive offense.

We examined the three counts of the information and reached the conclusion that neither count entirely failed to charge an offense under the laws of the State of Florida. Neither count was so defective that a conviction under it would have been held void on petition in habeas corpus. Therefore, it must follow that when the defendants went on trial under the charges contained in those counts of the information and evidence was introduced tending to prove the defendants guilty of the violations charged in those counts the defendants were put in jeopardy and when the Court withdrew from the jury consideration of the charges made in those counts of the information, it was in effect an acquittal of the charge of conspiracy. That was not an acquittal, however, of the charge of kidnaping attempted to be charged under the second count of the information because the fourth count of the information charged the same offense which was sought to be charged in the second

count of the information and the trial was continued under the fourth count of the information. The result was the same as if the second and fourth counts had remained before the jury and the jury had returned a verdict of not guilty under the second count and a verdict of guilty under the fourth count.

This is also true because as both the second and fourth counts of the information attempted to charge the identical offense the State could have at any time elected, or could have been required to elect, which of these counts it would proceed to prosecute under and the abandonment of one of the counts would not have affected the right to continue the prosecution under the other. So, the action of the Court was equivalent to instructing the jury to find a verdict of not guilty on the conspiracy charge and to leave it up to the jury to determine what the verdict should be under the fourth count of the information.

The State having elected to prosecute under two counts of the information for conspiracy and under the other two counts for kidnaping, the result in the eyes of the law is that the defendants were acquitted of the conspiracy charge and the State is precluded on a subsequent trial from introducing evidence *only* tending to prove that charge of which the defendants have in law been acquitted.

We cannot assume to say what evidence may be admitted on a subsequent trial and what evidence should be excluded. In this matter the trial court must be governed by the rules of evidence as established by the precedents of the past. It is sufficient to say what was said in the original opinion, that the failure of the trial judge "to exclude from the jury's consideration a great mass of damaging evidence that, if admissible at all, was *only* admissible after a conspiracy on the part of those particular defendants had been

established in the evidence at the trial, had the tendency to unduly prejudice the rights of the accused by allowing the jury to consider and base its verdict of guilty in whole or in part on proof of a supposed conspiracy affirmatively charged and relied on by the prosecution," when that charge had been eliminated from further consideration by the jury.

It is well established that a single conspiracy may have for its object the violation of two or more criminal laws or two or more substantive offenses. The conspiracy is one offense and a single offense, no matter how many repeated violations of the law may have been the object of the conspiracy. And so one may not be convicted or acquitted of a conspiracy to accomplish a certain criminal act and again be put in jeopardy for the trial for the offense of the same conspiracy to commit a different criminal act. See Brill Ency. of Criminal Law, Vol. 1, 828; Frohwerk v. United States, 63 Law Ed. 565; United States v. Rabinowich, 59 Law Ed. 1214; Jopkin Mercantile Co. v. United States, 59 Law Ed. 707; United States v. Owen, *et al.,* 21 Fed. (2nd Series) 868; United States v. Weiss, *et al.,* 263 Fed. 992. See also Greene v. State, 17 Fla. 670.

We hope this explanatory memorandum sufficiently clarifies the former opinion of this Court to leave no doubt in the minds of counsel, or of the trial court, as to what we meant by our original opinion.

ELLIS, C. J., and WHITFIELD, TERRELL, BUFORD and CHAPMAN, J. J., concur.

BROWN, J., concurs specially.

BROWN, J. (concurring specially).—While I dissented from the opinion and judgment of the Court above alluded to, which was rendered on July 1st, 1937, during the present term of Court, which term began on the second Tuesday in June, 1937, and terminates on January 11th, of this

year, 1938, I concur in the foregoing interpretation of what was meant by the majority of the Court in the original opinion. I have no doubt of the power of this Court to clarify the meaning of an opinion during the same term in which it was rendered, where the language used is ambiguous, or is in danger of being misunderstood by the lower court on a second trial of the case. By this concurring in the clarification of the previous majority opinion, I do not wish to be understood as receding from my previous dissent. I am still of the opinion that no *reversible* error was shown by the record and that the judgment appealed from should have been affirmed, but I do not think any useful purpose would be subserved by writing an opinion setting forth the reasons why I have sincerely reached different conclusions from those arrived at, just as sincerely, by my associates.