HENDRY, Chief Judge.
The defendants were tried on a two count information charging them in count one with conspiracy and in count two with grand larceny. At the conclusion of the state’s case the grand larceny charge was reduced to attempted larceny. Prior to submission of the case to the jury, the defendants moved that the state be required to elect as to which count it would rely upon for conviction. The motion was denied and the jury found each defendant guilty on both counts. Appellants contend on appeal that it was error to deny their motions to require the state to elect as to which count it would rely upon for conviction.
While it is true that the state may be required to elect as to which count of a two count information it chooses to rely upon for conviction, where the two counts are inconsistent or charge inconsistent offenses, Griswold v. State, 77 Fla. 505, 82 So. 44 (1919), the counts in the information in this case evince no such inconsistency. It has been held that the state may, in a single information, charge in one count the conspiracy to commit a crime and, in another count, the actual commission of the crime. See Brown v. State, 130 Fla. 479, 178 So. 153 (1938). This rule rests on the principle that conspiracy to commit a crime is a separate and distinct offense from commission of the crime which is the eventual object of the conspiracy.
Appellants’ contentions are without merit and the final judgments, from which these appeals were taken, should be and hereby are affirmed.
Affirmed.