254 So.2d 811 (1971)
James Ray SWINDLE, Appellant,
v.
STATE of Florida, Appellee.
No. 71-266.
District Court of Appeal of Florida, Second District.
November 12, 1971.
Rehearing Denied December 16, 1971.
Alfred Skaf, of Varon & Stahl, P.A., Hollywood, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Warren H. Petersen, Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Judge.
Appellant seeks review of a judgment and sentence entered against him following a jury verdict of guilty in response to a Bill of Information charging him with "Possession of a Fire Bomb," as prohibited by F.S. § 806.111, F.S.A.
Appellant argues that his motion for new trial should have been granted pursuant to F.S. § 920.05, F.S.A.[1] since the trial judge erroneously instructed the jury following closing arguments by counsel. We agree.
The first instruction which was erroneous reads as follows:
"Included also in this offense of possession of a fire bomb is the offense of conspiracy to possess a fire bomb. The Court charges you that if two or more persons have agreed to combine or confederate to commit any felony, that they themselves shall be guilty of the felony and shall be punished as provided by law."
*812 In Kinchen v. State, Fla.App. 1970, 235 So.2d 749, the majority held that conspiracy to commit robbery is not an offense included under the charge of robbery; therefore, since appellant had been brought to trial upon an information charging him with the sole crime of robbery, the trial judge could not properly adjudicate the defendant guilty of conspiracy to commit robbery.[2] The adjudication and sentence were reversed with directions to discharge the appellant.
Therefore, since the single count information,[3] in the case sub judice, charged appellant with the sole possession of the fire bomb, the only logical conclusion to be reached is that giving the conspiracy instruction was clearly erroneous.
Appellant further argues, and we agree, that the additional instruction, to-wit:
"I further charge you that no organization or union has the lawful authority to give any person immunity from prosecution for doing unlawful acts."
was erroneous and prejudicial since it was not germane to the theory of the prosecution nor was it advanced as a defense by appellant.
Mistake compounded is reversible error; therefore the judgment and sentence are vacated and the cause is remanded for a new trial. Appellant's other points on appeal now become moot.
Reversed.
PIERCE, C.J., and MANN, J., concur.
NOTES
[1] § 920.05, F.S. 1969  Grounds for new trial, if substantial rights of defendant have been prejudiced. 

(1) The court shall grant a new trial if any of the following grounds are established, provided the substantial rights of the defendant have been prejudiced:
* * * * * *
(g) That the court has misdirected the jury on a matter of law or has refused to give proper instruction requested by the defendant.
[2] This conclusion arrived at by the majority seems to stem from the principle that the commission of a substantive crime and a conspiracy to commit the substantive crime are separate and distinct offenses [Brown v. State, 130 Fla. 479, 178 So. 153 (1938)] since the judgment was without prejudice to the state to proceed with a new prosecution for the crime of conspiracy to commit robbery.
[3] "* * * [T]hat JAMES RAY SWINDLE * * * did unlawfully possess a fire bomb with intent that such fire bomb be willfully and maliciously used to set fire to and burn a construction crane, the property of Peacock Construction Company."