MANN, Judge.
Ashe v. Swenson[1] governs this case. Martin and Gordy were tried for robbery. Gordy was convicted. Martin was acquitted. The jury was charged that if they found that Martin conspired with another to commit the robbery he should be found guilty as a principal.
Subsequently he was charged with conspiracy to commit robbery. The evidence at the second trial was identical to that at the first except that, as in Ashe, the evidence of defendant’s identity was stronger at the second trial. It is clear that the jury could not have determined that the robbery didn’t happen, and a fair reading of the record of both trials shows that the jury must have found the evidence of Martin’s identity insufficient at the first, thus determining this question in Martin’s favor.
Benton v. Maryland[2] applied federal double jeopardy standards to the states. *897 Ashe v. Swenson applied the doctrine of collateral estoppel, formerly an aspect of the federal concept of double jeopardy.[3]
The State’s contention that conspiracy is not a lesser included offense is true,[4] hut beside the point.[5]
Reversed and remanded with directions to dismiss the charge.
McNULTY, J., concurs.
LILES, A. C. J., concurs specially.

. 1970, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469.

. 1969, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707.

. Sealfon v. United States, 1948, 332 U.S. 575, 68 S.Ct. 237, 92 L.Ed. 180. Sealfon was an application of the principle of collateral estoppel to forbid prosecution for a substantive offense after acquittal at a prior trial for conspiracy. In Ashe v. Swenson the second trial involved a second victim; in Sealfon, a second offense arising out of the same transaction. Caveat: Annotation — Prosecution for conspiracy as precluding prosecution for substantive offense, and vice versa, 92 L.Ed. 185, following the report of Sealfon, discusses state court decisions necessarily overruled by Ashe.

. Swindle v. State, Fla.App.2d 1971, 254 So.2d 811.

. See also United States v. De Angelo, 3 Cir. 1943, 138 F.2d 466; Note, Twice in Jeopardy, 75 Yale L.J. 262, 283-286 (1965); Mayers & Yarborough, Bis Vexari: New Trials and Successive Prosecutions, 74 Harv.L.Rev. 1, 29-43 (1960); Hanemann v. State, Fla.App.1st 1969, 221 So.2d 228; cert. den., Hanemann v. State, Fla.1969, 228 So.2d 382; vacated and remanded in light of Ashe v. Swenson to 1st D.C.A., Hanemann v. Florida, 1970, 400 U.S. 2, 91 S.Ct. 13, 27 L.Ed.2d 3.