### STATE v. DESMOND.

No. 68-655.

Circuit Court, Dade County.

June 19, 1973.

96

Richard E. Gerstein, State Attorney, ,and Barbara D. Schwartz, Assistant State Attorney, for the state.

Philip A. Hubbart, Public Defender, and Bennett H. Brummer, Assistant Public Defender, for the defendant.

EDWARD D. COWART, Circuit Judge.

This cause came on to be heard on the defendant's motion to dismiss and discharge, counsel for the state and the defendant having filed legal memoranda, hearings having been held at which evidence was taken and legal argument was heard, and the court being fully advised in the premises, finds —

### Findings of fact

1. The motion to dismiss alleges numerous factual matters, none of which have been traversed or specifically denied by the state.

2. The defendant was charged with robbing Joseph Hellman on December 11, 1967 and January 2, 1968, in the instant case, #68-655, and case #68-656, respectively.

3. The defendant was tried for the January 2 robbery, in case #68-656, and was acquitted. The defense had conceded that a robbery had occurred. The sole issue for the jury was the identity of the robber. The state's witness has maintained during the trials in cases #68-656 and #68-4393, and continues to maintain, that the same man robbed him on December 11 and January 2, and that the defendant was that man. The acquittal of the January 2 robbery was by jury verdict, and a judgment of acquittal entered thereon. The issue of the identity of the defendant as the man who robbed the state's witness was litigated and adjudicated in case #68-656 in favor of the defendant.

4. The information in the within cause was filed against the defendant on February 6, 1968, and the defendant was taken into custody on January 13, 1968.

5. The defendant has at all times been available for trial, having been incarcerated in the Florida State Penitentiary or in the Dade County Jail at all relevant times.

6. The defendant's sole conviction was in case #68-4393. On August 16, 1972, the United States Court of Appeals for the Fifth Circuit reversed this conviction. Since that date the defendant has been in the custody of the state only awaiting trial.

7. The state has failed to make a diligent, good faith effort to bring the defendant to trial.

8. The defendant has been imprisoned with a serious charge and a possible sentence of life imprisonment hanging over his head for approximately 5½ years.

9. The state attorney had the defendant brought back to Dade County for trial three times in 1969-70. Each time he was brought back, the defendant was asked if he would plead guilty. When he refused, he was sent back to prison without a trial.

10. Since August 16, 1972, this case has repeatedly been set for trial and continued by the state attorney to the prejudice of the defendant. The clerk's file reflects that there have been no unexcused continuances by the defendant. The state has failed to timely return the defendant to Dade County for trial.

11. The state attorney obtained a continuance of the January 15, 1973, trial date by means of misrepresentation. Paragraph 2 of the state's motion for continuance, filed on January 11, 1973, stated that the "victim now lives in New York and we have been unable to contact him." However, the clerk's file reflects that the assistant state attorney had prepared a witness subpoena for the victim indicating a local address and a local telephone number for the witness. The clerk's file further reflects that this subpoena was served on the witness by the sheriff of Dade County on January 4, 1973. The sheriff's return, indicating that the subpoena was served, was filed on January 9, 1973.

Additionally, the clerk's file reflects a copy of the witness' deposition, taken on January 30, 1973. The witness received a copy of the aforementioned witness subpoena requiring him to appear in court on January 15, 1973. He subsequently received a telephone call from the state attorney's office instructing him not to come to court that day, that the case was going to be continued. The witness had been present in Dade County on January 15, 1973.

12. The state attorney failed to comply with two orders of this court that the state present its witnesses to defendant's counsel for deposition without subpoenas.

13. The defendant has been subjected to undue and oppressive incarceration prior to trial.

14. During his incarceration in the Dade County Jail during 1968 and 1969, the defendant was subjected to conditions which were notoriously bad and which were later held to constitute cruel and unusual punishment. See Lowery v. Metropolitan Dade County, case #71-1858, final judgment entered February 11, 1971, Cir. Ct. 11th Judicial Circuit Florida.

15. During the time the defendant was in the state penitentiary, the state attorney filed a detainer based on this case against him. This detainer had the effect of placing him under "close custody," depriving him of liberties and benefits to which he would otherwise have been entitled in the prison system. Moreover, the detainer reduced the possibility of his being paroled.

16. On November 4, 1972, the defendant moved this court to discharge him and dismiss the charges against him pursuant to Rule 3.191(b)(1) and (i)(2), Cr.P.R. That motion was denied.

Approximately eight months earlier, on March 9, 1972, this court had granted the defendant's motion to dismiss in case #68-4392. The applicable law in both cases was identical. The pertinent facts were identical.

17. On February 7, 1973, the Supreme Court of Florida issued a rule nisi staying the proceedings in the instant case. This rule remained in effect until April 10, 1973.

18. The prosecution of this case has not been handled with orderly expedition or with reasonable speed.

19. The state has failed to come forward with any reason or justification for the delay.

20. The lengthy delay reflected in this case was totally unnecessary.

21. The facts set forth in paragraphs 4-15 and 18-20 above, resulted in direct prejudice to the defendant. The long delay has impaired the ability of the accused to defend himself in that his memory has faded and he has been powerless to exercise his own investigative efforts for over five years. Additionally, the defendant's wife, who had previously been a witness for him has now instituted divorce proceedings and may not be available to him as a witness as she might have earlier.

22. The record reflects that there has been no waiver of any fundamental right by the defendant.

It is thereupon ordered and adjudged as follows —

The factual matters alleged in the defendant's motion to dismiss are deemed admitted. Rule 3.190(d), Cr.P.R.

The defendant has been deprived of his right to speedy trial pursuant to Rule 3.191(a)(1), Cr.P.R., and Article I, §§16, 21 of the Florida Constitution. Allen v. State, 275 So.2d 238 (Fla. 1973); State, ex rel. Atwood v. Baker, 250 So.2d 869 (Fla. 1971).

The defendant has been denied his rights to speedy trial and due process of law as guaranteed by the Sixth and Fourteenth Amendments to the Constitution of the United States. Strunk v. United States, ____U.S. ____, 13 Cr.L. 3139 (June 11, 1973); Smith v. Hooey, 393 U.S. 374 (1969).

The state is barred by the principle of collateral estoppel from relitigating the issue of the identity of the defendant as the robber of the state's witness, Joseph Hellman. Ashe v. Swenson, 397 U.S. 436 (1970); Martin v. State, 260 So.2d 896 (Fla. App. 2d 1972).

For the above and foregoing reasons, it is ordered and adjudged that the defendant's motion to dismiss and discharge be and the same is granted; the information in the instant case is dismissed and the defendant forever discharged from custody.