347 So.2d 133 (1977)
Blas Jesus CORBO, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-1715.
District Court of Appeal of Florida, Third District.
June 14, 1977.
Rehearing Denied July 8, 1977.
*134 Nathan Kurtz, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Anthony C. Musto, Asst. Atty. Gen., for appellee.
Before BARKDULL and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
The defendant Blas Jesus Corbo filed this appeal from conviction on a charge of conspiracy to commit certain felonies, and from the sentence of imprisonment for a term of five years which was imposed thereon. On consideration of the several contentions submitted by the appellant, in the light of the record, briefs, and arguments, we hold not reversible error has been shown.
By information the appellant with two others was charged, in one count, with conspiracy to commit several crimes, and in other counts was charged with commission of such crimes with which the conspiracy was concerned, as overt acts. On a jury trial the appellant was found not guilty of the charged overt acts, and was found guilty of the conspiracy charge. He was so adjudged, and was sentenced to the term above stated.
We hold to be without merit the appellant's argument for reversal based on the contention that the verdict was a compromise verdict which was contrary to the facts. The apparent inconsistency of the verdict by which the appellant was convicted of the alleged conspiracy but found not guilty of the overt acts charged, is not ground for reversal. See Goodwin v. State, 157 Fla. 751, 26 So.2d 898 (1946); Dunn v. United States, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932).
Appellant challenges legality of the five-year sentence, contending the sentence should not have been for more than the maximum which could be imposed upon conviction of conspiracy to commit the lowest of the several offenses specified. The appellant was found guilty of a count which charged conspiracy to commit several felonies. They were the placing or discharging, *135 or the attempt at discharging, of a destructive device, a first degree felony; arson in the second degree, a second degree felony; unlawful possession of explosives, a second degree felony; and unlawful transportation of explosives, a third degree felony. Conviction of conspiracy to commit a first degree felony, authorizes a sentence of imprisonment for a term not to exceed fifteen years (Sections 777.04(4)(b) and 775.082(3)(c), Florida Statutes (1975). Here, where the sentence imposed was five years, it appears from the record the court fixed that sentence under the impression it was the maximum which could be imposed for conviction of conspiracy to commit the higher of said listed crimes. The State contends it was proper and permissible for the court to impose such sentence. The appellant contends that in such circumstances the sentence to be imposed by the court was that which was prescribed for conspiracy to commit the least of said offenses, which would have been for a term not to exceed one year.
We hold the sentence imposed in this case was valid under authority of State v. Trafficante, 136 So.2d 264 (Fla. 2d DCA 1962). There, where a count charged conspiracy to commit two offenses, for which the prescribed penalties were different (bribery, and operation of a lottery), it was held the count was not duplicitous, because, quoting from Mr. Justice Holmes, "The conspiracy is the crime, and that is one, however diverse its objects", citing Brown v. State, 130 Fla. 479, 178 So. 153, 156 (1938). In Trafficante, the court said,
"* * * We are of the view that the fifth count charges a single statutory transgression, one conspiracy to violate two sections of the criminal laws of Florida there being in actuality no distinct and separate offenses. * * * As there is only one conspiracy charged, only one sentence can be imposed. Indeed, had the state separated the charge into two counts, alleging in one a conspiracy to violate the lottery laws and in another a conspiracy to bribe, a conviction upon both counts could not have resulted in separate punishments for separate convictions. Under such a situation, the court could impose only a sentence on the count which charges the higher grade or degree of the offense."
While the above quoted language from Trafficante is not entirely clear on the point, we interpret it to be an expression of the view of the court that on conviction of a charge of conspiracy to commit two or more offenses for which different penalties are provided, only one sentence is to be imposed, and that should be based on the penalty prescribed for conviction of conspiracy to commit the higher of the crimes so stated. Accordingly, we hold that the sentence imposed in the instant case was valid.
Regarding the appellant's contention of having been denied appropriate discovery, no argument was made thereon in appellant's brief, which only stated the proposition that the court had denied a motion to discharge filed by defendant's attorney "since said attorney was denied certain discovery and specifically set forth in its motion the reasons for the request of discharge". The State points to such absence of argument of the point in appellant's brief, citing cases holding points assigned as error and not argued are deemed abandoned, and calls attention to the absence of an assignment of error directed to the point. We hold the contention of the appellant with reference to such point is made without merit.
Denial of defendant's motion for discharge because of publicity in the matter was not error. That point or contention was not supported by an assignment of error directed to that judicial act. In fact the record does not show a specific ruling of the court on such motion, nor does the record disclose any hearing proceedings thereon. A motion which the defendant had filed for change of venue on such ground was denied by the court. The appellant's argument that the lack of knowledge of the jurors as to publicity the case had received, as revealed on voir dire, was such as to strain belief, is not in accord with the record, and is not basis for reversal.
*136 A fifth point in the appellant's brief was a statement that the appellant adopts arguments set forth in the brief filed by a codefendant on a separate appeal. Such matter is not before the court, or a part of the record on this appeal.
For the reasons stated, the judgment and sentence are affirmed.