354 So.2d 441 (1978)
Norris EPPS a/k/a Goldie, Appellant,
v.
STATE of Florida, Appellee.
No. EE-264.
District Court of Appeal of Florida, First District.
January 25, 1978.
Rehearing Denied February 17, 1978.
*442 Stephen P. Smith, III of Folsom & Smith, Jacksonville, for appellant.
Robert L. Shevin, Atty. Gen., Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
ERVIN, Judge.
Epps appeals two consecutive ten year sentences imposed for conspiracy to commit a felony, i.e., the sale of heroin. Epps' argument that the state failed to establish the existence of two separate conspiracies as alleged in counts one and two of the amended information has merit and requires reversal of one of the two sentences imposed. The first count of the amended information charged that Epps, together with Eddie E. Rosemond and Constance Thomas Wilcox, between July 19, 1975 and July 22, 1975 conspired to commit a felony, i.e., sell heroin. The second count charges Epps and Wilcox, between August 6, 1975 and August 24, 1975, with conspiring to commit the same offense. Pursuant to successive orders authorizing the interceptions of communications on a telephone owned by Phyllis Hicks, three interceptions occurred between July 19, and July 22, 1975, and five interceptions between August 6 and August 24, 1975.
The intercepted communications supporting both counts related to transactions for the sale of separate quantities of heroin. Nevertheless, the evidence shows only one general conspiracy was involved. It is clear from the testimony of co-conspirator Wilcox that the arrangements for the acquiring and selling of heroin lasted much longer than the months of July and August, 1975, the dates involved in the two counts. It was necessary for the state to prove more than there was simply a gap in the intercepted communications between July 22, 1975 and August 6, 1975 to establish the termination of one conspiracy and the commencement of the other.
The general rule is the termination of a conspiracy depends upon the particular facts of each case and that a continuing conspiracy exists "until consummated, abandoned, or otherwise terminated by some affirmative fact." 15A C.J.S. Conspiracy § 35(2) (1967). For example, a defendant's contention that separate conspiracies were involved, so that statements of co-conspirators of conspiracies which he claimed not to be a member could not be introduced into evidence against him, was rejected, the court concluding from the facts that a general conspiracy was involved. United States v. Bastone, 526 F.2d 971 (7th Cir.1975), cert. den., 425 U.S. 973, 96 S.Ct. 2172, 48 L.Ed.2d 797 (1976). Similarly, a defendant's claim was rejected that he could not be convicted of conspiracy to commit kidnapping because his only participation in the offense showed that he had only been involved in exchanging ransom money following a kidnapping. The court held that the conspiracy was continuous and did not terminate until the ransom proceeds were exchanged. McDonald v. United States, 89 F.2d 128 (8th Cir.1937), cert. den., 301 U.S. 697, 57 S.Ct. 925, 81 L.Ed. 1352 (1937). Moreover when a plot contemplates a result which cannot continue without the continuous cooperation of conspirators, and there is such continuous cooperation, the conspiracy is one, not several. United States v. Kissel, 218 U.S. 601, 31 S.Ct. 124, 54 L.Ed. 1168 (1910).
Even though the evidence reveals sales of different drugs, such fact is unimportant. A single conspiracy may have for its object the violation of two or more criminal laws or two or more substantive offenses. The conspiracy is still one offense, no matter how many repeated violations of the law may have been the object of the conspiracy. Brown v. State, 130 Fla. 479, 178 So. 153 (1938). The evidence in this cause failed to establish the termination of one conspiracy and the commencement of a separate conspiracy. Epps may not be placed again in jeopardy for the offense of the same criminal conspiracy. Brown v. State, supra, 178 So. at 156.
*443 We have considered Epps' remaining points and find them without merit. His second consecutive sentence is REVERSED.
MILLS, Acting C.J., and SMITH, J., concur.