433 So.2d 38 (1983)
Bernard CAM, Appellant,
v.
STATE of Florida, Appellee.
Michael CAM, Appellant,
v.
STATE of Florida, Appellee.
Richard CAM, Appellant,
v.
STATE of Florida, Appellee.
Nos. AJ-345 to AJ-347.
District Court of Appeal of Florida, First District.
June 17, 1983.
Steven M. Greenberg, of Pertnoy, Greenberg & Sobel, P.A., Miami, for appellants.
Jim Smith, Atty. Gen., and Barbara Ann Butler, Asst. Atty. Gen., Jacksonville, for appellee.
SHIVERS, Judge.
In this consolidated case, each appellant appeals his conviction and sentence on two counts of conspiracy to traffic in cannabis. Appellants raise several grounds on appeal, only one of which is meritorious.
Appellants contend that the record establishes the existence of a single conspiracy, as opposed to two separate and distinct conspiracies, and that, therefore, their convictions and sentences on the second conspiracy count should be reversed. An agreement is the primary element of a conspiracy, and the agreement may continue for a long period of time and include the performance of many transactions. Moreover, the general rule is that a continuing conspiracy exists until consummated, abandoned, or otherwise terminated by some affirmative act. Epps v. State, 354 So.2d 441 (Fla. 1st DCA 1978). In Epps, this court was presented with an appeal concerning the question of whether Epps was properly convicted and sentenced for two counts of conspiracy to sell heroin. The first count of the amended information charged that Epps, together with two other codefendants, conspired, between July 19, 1975, and July 22, 1975, to commit a felony by selling heroin. The second count charged that Epps, along with one of the *39 two other codefendants named in Count One, conspired, between August 6, 1975, and August 24, 1975, to commit the same offense named in Count One. In holding that the evidence failed to establish the termination of one conspiracy and the commencement of a separate conspiracy, this court held that:
Even though the evidence reveals sales of different drugs, such fact is unimportant. A single conspiracy may have for its object the violation of two or more criminal laws or two or more substantive offenses. The conspiracy is still one offense, no matter how many repeated violations of law may have been the object of the conspiracy. Brown v. State, 130 Fla. 479, 178 So. 153 (1938).
Id. at 442.
Here, as in Epps, the State has failed to establish the termination of one conspiracy and the commencement of a separate conspiracy. The State suggests that the evidence establishes the termination of the first conspiracy as of March 2, 1980, because on that date the shipment of cannabis, which appellants conspired to import, was delivered. This contention is not supported by the record and is in conflict with the allegations contained in the Information charging the first conspiracy. The Information charges that appellants conspired to commit a felony, to-wit:
to knowingly be in actual or constructive possession of an excess of one hundred (100) pounds of cannabis and that said individuals did agree and conspire to bring the said cannabis into the vicinity of Brooker, Florida, by means of an airplane and thereafter to be distributed contrary to the provisions of 777.04(3) and 893.135(1)(a)1, Florida Statutes. (emphasis supplied)
The Information clearly alleges that the conspiracy embraced not only the possession and delivery of cannabis but also the distribution of that cannabis after its delivery. While the record does establish that the delivery of the first shipment of cannabis occurred on March 2, 1980, it does not establish that the distribution of that shipment was completed on that date. Since the conspiracy clearly embraced the distribution of the March 2, 1980 shipment after its delivery, we cannot agree with the State's contention that the mere delivery of the first shipment of cannabis established the termination of the original conspiracy.
We further note that the fact that the parties involved in the second shipment of cannabis were not identical to the parties involved in the first shipment does not establish the existence of a separate and distinct conspiracy. New parties may join a conspiracy at any time while others may terminate their relationship without terminating the original conspiracy. See United States v. Varelli, 407 F.2d 735 (7th Cir.1969).
The distinction must be made between separate conspiracies, where certain parties are common to all and one overall continuing conspiracy with various parties joining and terminating their relationship at different times. Various people knowingly joining together in furtherance of a common design or purpose constitute a single conspiracy. While the conspiracy may have a small group of core conspirators, other parties who knowingly participate with these core conspirators and others to achieve a common goal may be members of an overall conspiracy.
In essence, the question is what is the nature of the agreement. If there is one overall agreement among the various parties to perform different functions in order to carry out the objectives of the conspiracy, the agreement among all the parties constitutes a single conspiracy.
Id. at 742. We believe that the evidence establishes the existence of one overall general scheme to import and distribute cannabis which was not terminated by the fact that the parties involved in the first shipment of cannabis were not identical to the parties involved in the second shipment of cannabis, or the fact that the two shipments of cannabis occurred on different days and at different locations. Simply stated, the record fails to establish that the original *40 conspiracy was consummated, abandoned, or otherwise terminated by some affirmative fact. On that basis, we reverse appellants' conviction as to Count III of the Information, which charges a second conspiracy, and vacate appellants' sentence on that count of a 15 year term of imprisonment and $10,000.00 fine.
ROBERT P. SMITH, Jr., C.J., and THOMPSON, J., concur.