433 So.2d 635 (1983)
Eddie Lee ROSEMOND, Appellant,
v.
STATE of Florida, Appellee.
No. AS-194.
District Court of Appeal of Florida, First District.
June 23, 1983.
*636 Eddie Lee Rosemond, pro se.
No appearance for appellee.
MILLS, Judge.
Rosemond appeals the summary denial of his petition for Rule 3.850 postconviction relief. We affirm.
Rosemond pled guilty to three counts of conspiracy to sell cocaine. He now argues that his plea was not made with full understanding and that his counsel was inadequate because he wasn't advised of the potential for subsequent treatment as a habitual felon. Any enhancement of a subsequent unrelated sentence is an incident of the last offense, not the prior offenses. Eutsey v. State, 383 So.2d 219 (Fla. 1980); Graham v. West Virginia, 224 U.S. 616, 32 S.Ct. 583, 56 L.Ed. 917 (1912). Subsequent enhancement is a collateral consequence of Rosemond's plea and neither court nor counsel must advise him for the plea to be valid.
Rosemond further argues that his conviction was obtained with illegally gathered evidence. This issue is waived by a guilty plea. Harvin v. State, 385 So.2d 119 (Fla. 3d DCA 1980).
Rosemond contends that counsel was ineffective due to having consulted with Rosemond only seven times of ten minutes each. Brevity of consultation is not grounds for postconviction relief, Byrd v. State, 243 So.2d 1 (Fla. 3d DCA 1971).
Rosemond next contends that his counsel was ineffective in missing an issue concerning the legality of a wiretap. Rosemond's coconspirator Daniels was successful in this issue, State v. Daniels, 389 So.2d 631 (Fla. 1980). However, a panel of this court in Epps v. State, 354 So.2d 441 (Fla. 1st DCA 1978), disposed of this issue as without merit without discussion in another coconspirator's appeal. See, Daniels v. State, 381 So.2d 707 (Fla. 1st DCA 1979), opinion on rehearing. Overlooking this issue cannot be considered a serious deficiency measurably below that of competent counsel.
Similarly, Rosemond argues that counsel overlooked the same transaction rule issue which resulted in a partial reversal in Epps. As noted in Epps, a same transaction rule issue depends upon the unique circumstances of each case. In Daniels, three separate convictions were affirmed. Assuming counsel did overlook the issue, overlooking is not under these circumstances measurably below competent counsel.
Finally, Rosemond states that the trial court was without jurisdiction. This is wholly without merit.
AFFIRMED.
BOOTH and SHIVERS, JJ., concur.