504 So.2d 780 (1987)
Mariano E. VELUNZA, Appellant,
v.
The STATE of Florida, Appellee.
No. 85-766.
District Court of Appeal of Florida, Third District.
March 17, 1987.
Rehearing Denied April 27, 1987.
*781 Bennett H. Brummer, Public Defender, and Alan M. Sorota, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Mark J. Berkowitz, Asst. Atty. Gen., for appellee.
Before NESBITT, BASKIN and JORGENSON, JJ.
BASKIN, Judge.
Appellant Mariano E. Velunza challenges his convictions and sentences for trafficking in cocaine and conspiracy to traffic in cocaine on two grounds. First, he contends that the trial court erred in denying his motion for judgment of acquittal as to trafficking in cocaine by possession of 400 grams or more when the state failed to prove the precise weight of the cocaine. Second, he asserts that the state failed to present sufficient evidence to support his conviction for conspiracy to traffic in cocaine.
Velunza's first contention is without merit. Section 893.135(1)(b), Florida Statutes (1983), states that:
Any person who knowingly sells, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 28 grams or more of cocaine as described in s. 893.03(2)(a)4. or of any mixture containing cocaine is guilty of a felony of the first degree, which felony shall be known as "trafficking in cocaine." (Emphasis added.)
Recognizing that cocaine is generally marketed in a diluted or impure state, the supreme court, in State v. Yu, 400 So.2d 762 (Fla. 1981), concluded that the legislature intended to classify offenders of section 893.135(1)(b) according to the amount of the substance containing the cocaine and not by the amount of pure cocaine. The record indicates that the contraband, which weighed 1006 grams, contained some cocaine; therefore, under Yu, the state established that Velunza possessed 400 grams or more of a mixture containing cocaine.[1]See Asmer v. State, 416 So.2d 485 (Fla. 4th DCA 1982). Accordingly, we affirm Velunza's conviction for trafficking in cocaine.
Velunza's second point, however, warrants reversal; the evidence presented at trial was insufficient to establish the crime of conspiracy. The record indicates that a confidential informant introduced Velunza's codefendants, who are not parties to this appeal, to two undercover police officers posing as buyer and go-between. At a subsequent meeting, the confidential informant *782 made a telephone call and thereafter took the codefendants and the police officers to a nearby house where they were to pick up the contraband. Already inside the house, Velunza pointed to a brown paper bag in the dining room, requested that a police officer open the bag, and provided the officer with materials with which to test the substance. When the substance appeared to be cocaine, Velunza and his codefendants were arrested.
The facts in this case do not establish the crime of conspiracy.
The law is well-settled that the crime of conspiracy consists of an express or implied agreement between two or more persons to commit a criminal offense. Both an agreement and an intention to commit an offense are necessary elements of this crime. King v. State, 104 So.2d 730 (Fla. 1958); § 777.04(3), Fla. Stat. (1977); 6 Fla.Jur.2d "Conspiracy" § 5 (1956).
Conspiracy is a separate and distinct crime from the offense which is the object of the conspiracy. Swindle v. State, 254 So.2d 811 (Fla. 2d DCA 1971); Sheldon v. State, 178 So.2d 34 (Fla. 3d DCA 1965). Moreover, conspiracy is one step removed from an attempt to commit the offense which is the object of the conspiracy, and, thus, is two steps removed from the actual commission of the substantive offense. Hutchinson v. State, 315 So.2d 546, 549 (Fla. 2d DCA 1975).
Ramirez v. State, 371 So.2d 1063, 1065 (Fla. 3d DCA 1979), cert. denied, 383 So.2d 1201 (Fla. 1980). "Although proof of a conspiracy may be inferred from appropriate circumstances, and proof of a formal agreement is not necessary," Ashenoff v. State, 391 So.2d 289 (Fla. 3d DCA 1980) (citations omitted), a conspiracy may not be inferred from the offense which is the object of the conspiracy. See Saylor v. State, 491 So.2d 340 (Fla. 3d DCA 1986). Because the record does not establish an agreement and an intention to commit the specific offense of conspiracy to traffic in cocaine, we hold that the evidence fails to prove the conspiracy. We therefore reverse the conspiracy conviction.
Affirmed in part; reversed in part.
NOTES
[1] Velunza expresses concern that the sentencing scheme of section 893.135(1)(b) creates unequal and absurd results because possession of pure cocaine and possession of the same amount of cocaine mixed with another substance is viewed as a different offense. The supreme court observed, however, that "`while it may not be wise to let the possessor of the pure or a purer product escape with a lighter penalty than that going to the possessor of the drug in its ordinary marketable form, it is not necessary for a legislature to attempt to eradicate all evil, but only part of it... .'" 400 So.2d at 765 (quoting United States ex rel. Daneff v. Henderson, 501 F.2d 1180, 1184 (2d. Cir.1974)).