650 So.2d 44 (1995)
William R. DOOLIN, Appellant,
v.
STATE of Florida, Appellee.
No. 93-2198.
District Court of Appeal of Florida, First District.
January 25, 1995.
Rehearing Denied March 10, 1995.
Nancy A. Daniels, Public Defender, and Faye A. Boyce and Raymond Dix, Asst. Public Defenders, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Amelia L. Beisner, Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Chief Judge.
Appellant appeals his conviction on two counts of conspiracy. One count charged conspiracy to kidnap to inflict bodily harm contrary to sections 777.04 and 787.01(2), Florida Statutes. The other count charged conspiracy to commit aggravated battery contrary to sections 777.04 and 784.045(1)(a), Florida Statutes. The evidence proved, as the state concedes in its answer brief, that:
[A]ppellant and his coconspirators plotted to kidnap the victim by following her and then putting her in the trunk of their car, and they further plotted to commit aggravated battery upon her by breaking her knees and ankles, and they acquired an ax, a baseball bat and a board to help them accomplish this goal. Hence, although appellant and his coconspirators planned to kidnap and then batter the victim during the course of a single criminal transaction, the conspiracy to commit kidnapping and the conspiracy to commit aggravated battery were proven by separate and distinct conduct. In other words, appellant committed two distinct acts of conspiracy. Appellant cannot seriously suggest that coconspirators who discuss and plot the commission of more than one distinct offense have engaged in only one conspiratorial act.
(Answer Brief, p. 5.)
It is readily apparent that the state has completely misconceived the nature of the offense of criminal conspiracy. The essence of the offense is the agreement to commit a criminal act or acts, and if a single agreement exists, only one conspiracy exists even if the conspiracy has as its objectives the commission of multiple offenses; and the conspiracy continues to exist until consummated, abandoned, or otherwise terminated *45 by some affirmative act. Griffin v. State, 611 So.2d 20 (Fla. 1st DCA 1992); Cam v. State, 433 So.2d 38 (Fla. 1st DCA 1983); Epps v. State, 354 So.2d 441 (Fla. 1st DCA), cert. denied, 360 So.2d 1250 (Fla. 1978).[1] In this case, the state's proof established that only one agreement was made to commit multiple offenses against the victim. There was no evidence to establish that the alleged conspiracy to kidnap to inflict bodily harm was terminated and a separate conspiracy to commit aggravated battery was thereafter agreed to by the coconspirators. Under the cited authorities, the dual convictions must be reversed and the cause remanded for entry of judgment of conviction on only one conspiracy charge.[2]
Appellant was sentenced to 364 days in jail followed by two years' community control, which would thereafter be followed by two years' and five years' probation on the respective counts. The state concedes, and we agree, that this sentence was erroneous under the sentencing guidelines.
The judgment is reversed and the cause is remanded for entry of conviction on only one count of conspiracy and for resentencing on that count.
REVERSED AND REMANDED.
DAVIS, J., concurs.
BOOTH, J., specially concurring with opinion.
BOOTH, Judge, specially concurring.
I concur in the result of the majority opinion but would point out that, as conceded in appellant's brief, on remand, the court may impose the same or any other sentence, departure or not, on the single remaining conspiracy conviction as long as the court makes the necessary findings. Section 921.0016, Florida Statutes, and Rule 3.701, Fla. R.Crim.P. Thus, the court, in its wisdom, may consider the heinous nature of the multiple felonies planned to be committed against the helpless victim in this case and the fact that the conspirators went beyond the "talking" stage and took definite steps toward carrying out the conspiracy.
NOTES
[1] We note that in Epps the opinion recites the phrase "terminated by some affirmative fact" rather than "act," with a citation to 15A C.J.S. Conspiracy § 35(2) (1967). The rule stated in C.J.S. correctly uses the word "act," and the reference to "fact" in Epps (and at one place in Cam) should be treated as an inadvertent typographical error.
[2] We would be remiss in not noting that neither the Appellant nor the state cited these cases but premised their arguments on cases dealing with the commission of substantive offenses in a single transaction. This lack of understanding of the law of criminal conspiracy by the prosecution and defense may well have led the trial judge into committing this error.