PER CURIAM.
Affirmed. The evidence was sufficient to support a conviction of conspiracy to traffic in cocaine where appellant Adolfo A. Montano drove to two different meeting places with the co-defendant. Montano drove the co-defendant to the first meeting place, where the co-defendant agreed to purchase cocaine and was provided with a sample. Montano again drove the co-defendant to the second meeting place and left, evidently to retrieve the money for the purchase. Upon his return, Montano was introduced to the undercover officer who was posing as the seller. When the officer asked Montano whether he had the *1265 money, Montano nodded and pointed out an envelope in the back seat of his car. The officer went to the trunk of his car to retrieve the drugs and gave the signal to the other officers to make the arrest. After his arrest, Montano admitted that he acted as a broker, worked with the co-defendant, and intended to share a $500 commission with the co-defendant. “[T]he crime of conspiracy consists of an express or implied agreement between two or more persons to commit a criminal offense. Both an agreement and an intention to commit an offense are necessary elements of this crime.” See Velunza v. State, 504 So.2d 780, 782 (Fla. 3d DCA 1987). We are convinced that the State proved a conspiracy to traffic in cocaine through the acts of both Montano and the co-defendant and the admissions of Montano.