SCHWARTZ, Senior Judge
(specially concurring).
Pope was the alleged “wheelman” for two other co-perpetrators who personally committed an armed robbery during which the victim was pistol-whipped. He was charged with and acquitted of the two substantive charges of armed robbery and aggravated battery, but convicted of one count of conspiracy to commit armed robbery.[1]
There is no problem in rejecting the contention that there was no evidence to support the conspiracy conviction or that it was legally inconsistent with the favorable verdicts on the substantive charges. See Corbo v. State, 347 So.2d 133, 134 (Fla. 3d DCA 1977) (proper to convict on conspiracy to commit offense of which the defendant was acquitted).
The appellant’s other point presents more difficulty. It claims a Postell error in the admission of a police officer’s testimony that he responded to conversations with the co-defendants by arresting the appellant. This scenario is virtually the same as the one involved in White v. State, 76 So.3d 335, 342-44 (Fla. 3d DCA 2011). I agree, as held in White, that a Postell violation indeed occurred.[2] However, as this Court also held in White, I do not believe that the error requires reversal. Although this particular determination is closer than White, largely because Pope was found guilty only of conspiracy, I conclude that the evidence was, under all the circumstances, no more than harmless.

. He also was convicted of fleeing or attempting to elude under section 316.1935(2), Florida Statutes.

. And probably a Bruton error, as well. See Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).