[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10653
Non-Argument Calendar
_____

D.C. Docket No. 0:12-cv-62410-JIC


DENNIS FERNANDEZ,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 1, 2016)

Before TJOFLAT, WILSON and JILL PRYOR, Circuit Judges.

PER CURIAM:

Florida state prisoner Dennis Fernandez, represented by counsel, appeals the district court's denial of his petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in which he sought to vacate, in relevant part, his convictions and sentences for conspiracy to commit racketeering and conspiracy to submit false and fraudulent insurance claims.  On appeal, he argues that counsel in his direct appeal was ineffective for failing to argue that these convictions violated double jeopardy.  Upon review of the record and consideration of the parties' briefs, we affirm.

I.

After a 41-day jury trial, Fernandez was convicted of 15 counts under Florida law related to a criminal auto theft enterprise.  Count 15 alleged that from March 9 through March 28, 2004, Fernandez, Carlos Torres, and Luis Manuel Planas conspired to submit false and fraudulent insurance claims.  Count 2 alleged that from December 2, 2003 through April 22, 2004, Fernandez and eight other individuals, not including Planas, conspired to commit racketeering.  Count 2 included the insurance fraud conspiracy from Count 15 as one of many "Predicate Incident[s]."  Doc. 19-1 at 183.[1]  Specifically, Count 2 alleged that from March 9 through March 28, 2004, Fernandez conspired with Torres and Planas to submit false and fraudulent insurance claims.

---

[1] Citations to "Doc." refer to docket entries in the district court record in this case.

2

Fernandez appealed.  His counsel raised two arguments, both of which a panel of Florida's Fourth District Court of Appeals ("DCA") rejected.  Fernandez's counsel did not argue, however, that his convictions on Counts 2 and 15 violated his right against double jeopardy.  The Fourth DCA affirmed Fernandez's convictions and sentence.  *Fernandez v. State*, 21 So. 3d 155 (Fla. 4th DCA 2009).

Fernandez then filed a *pro se* petition for writ of habeas corpus in Florida's Fourth DCA, alleging that his appellate counsel was ineffective.  Fernandez recognized that, generally, Florida applies the *Blockburger*[2] test for determining if multiple convictions for offenses arising out of the same criminal conduct amount to double jeopardy.  Fernandez argued, however, that the *Blockburger* test does not apply to a conspiracy case.  Indeed, the Florida Supreme Court held after *Blockburger* that "a single conspiracy may have for its object the violation of two or more criminal laws or two or more substantive offenses." *Brown v. State*, 178 So. 153, 156 (Fla. 1938).  The court explained:

> The conspiracy is one offense and a single offense, no matter how many repeated violations of the law may have been the object of the conspiracy.  And so one may not be convicted or acquitted of a conspiracy to accomplish a certain criminal act and again be put in

---

[2] *Blockburger v. United States*, 284 U.S. 299, 304 (1932).  In *Blockburger*, the Court established the "same elements" test for determining if two convictions are the same offense for double jeopardy purposes.  *Id.*  "The applicable rule," the Court explained, "is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Id.*

jeopardy for the trial for the offense of the same conspiracy to commit
a different criminal act.

*Id.*  Relying on two recent cases from Florida's Second DCA, Fernandez argued

that his convictions on Counts 2 and 15 violated the prohibition against double

jeopardy.  *See Negron Gil de Rubio v. State*, 987 So. 2d 217, 219 (Fla. 2d DCA

2008) (citing *Brown*, 178 So. at 156); *Durden v. State*, 901 So. 2d 967, 968 (Fla. 2d

DCA 2005).

The Fourth DCA denied Fernandez's habeas petition.  The court explained

that Fernandez's case was "distinguishable from the situation presented in *Negron*

. . . and the other cases upon which [he] relie[d]."  Doc. 22-6 at 603.  "Unlike the

defendants in [those] cases," the court continued, "Petitioner entered distinct

agreements to engage in distinct criminal offenses."  *Id.*  The court found that the

conspiracy to commit insurance fraud in Count 15 involved a separate and distinct

agreement from the conspiracy to commit racketeering charged in Count 2.

Fernandez next filed this *pro se* federal habeas petition, raising several

arguments including the double jeopardy ineffective assistance claim.  The

magistrate judge recommended granting habeas relief on the double jeopardy

ineffective assistance basis only, but the district court disagreed.  The district court

reasoned that because the Fourth DCA "addressed and rejected the same double-

jeopardy argument that Fernandez claims his counsel should have raised on direct

appeal [to the Fourth DCA,] . . . Fernandez cannot show that this argument 'would

4

have a reasonable probability of success on appeal.'"  Doc. 28 at 5 (quoting *Heath v. Jones*, 941 F.2d 1126, 1132 (11th Cir. 1991)).  The court denied Fernandez's habeas petition and declined to issue a certificate of appealability ("COA").

Fernandez filed a motion for a COA in this Court.  We granted his motion to address his claim that appellate counsel was ineffective in failing to raise the double jeopardy issue.  We subsequently appointed counsel.

## II.

We review *de novo* a district court's denial of a habeas petition.  *Ward v. Hall*, 592 F.3d 1144, 1155 (11th Cir. 2010).  A district court's findings of fact are reviewed for clear error, and mixed questions of law and fact, such as an ineffective assistance of counsel claim, are reviewed *de novo*.  *Id*.

## III.

If a state court adjudicated a claim on the merits, a federal court may grant habeas relief only if the decision of the state court (1) "was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding."  28 U.S.C. § 2254(d).  A state court's decision is "contrary to" federal law if "the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than th[e] Court has

5

on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court's decision is an unreasonable application of clearly established federal law only if the state court's application of the law was objectively unreasonable. *Id.* at 409. Likewise, "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). "[E]ven if reasonable minds reviewing the record might disagree about the finding in question . . . that does not suffice to supersede the [state] court's determination." *Id.* (alterations and internal quotation marks omitted).

Fernandez argues that Florida's Fourth DCA's denial of his habeas petition was an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984), which articulated the constitutional right to effective assistance of counsel in a criminal case. *See Cullen v. Pinholster*, 563 U.S. 170, 189 (2011). To demonstrate that counsel's assistance was so defective that it requires reversal, a defendant must allege facts showing that: (1) his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) "the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. This standard applies to claims that counsel on direct appeal was constitutionally ineffective. *See Cross v. United States*, 893 F.2d 1287, 1290 (11th Cir. 1990).

6

Under the performance prong of *Strickland*, counsel's representation is judged by a standard of "reasonableness under prevailing professional norms," and there is a "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance." *Id.* at 688-89.  The petitioner "must establish that no competent counsel would have taken the action that his counsel did take." *Callahan v. Campbell*, 427 F.3d 897, 933 (11th Cir. 2005) (internal quotation marks omitted).  In the context of a direct appeal, our inquiry is whether "counsel unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them." *Smith v. Robbins*, 528 U.S. 259, 286 (2000).  Because judicial review of counsel's performance is already "highly deferential," a federal habeas court's review of a state court decision denying a *Strickland* claim on the deficient performance prong is thus "doubly deferential." *See Pinholster*, 563 U.S. at 190 (internal quotation marks omitted).  The pertinent inquiry under § 2254(d) "is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington v. Richter*, 562 U.S. 86, 105 (2011).  If a court determines that the defendant has failed to establish the performance prong, it need not address the prejudice prong. *See Strickland*, 466 U.S. at 697.

Fernandez's appellate counsel was not constitutionally deficient for failing to argue on direct appeal that Fernandez's conspiracy convictions violated double jeopardy.  Fernandez argues that his appellate counsel could have persuaded the

7

Fourth DCA to adopt the rule of the Second DCA, as articulated in *Negron*, that *Blockburger* does not apply to conspiracy claims. But this argument misses the mark. The Fourth DCA did not reject the rule articulated in *Negron*. Instead, the court reasoned that cases like *Negron* simply do not apply to the facts in this case, because unlike in *Negron*, here Fernandez entered into two separate agreements.

The Fourth's DCA's factual determination that Fernandez's conspiracy convictions arose out of separate and distinct agreements was not unreasonable in the light of the evidence in the record. The two conspiracy counts charged in Counts 2 and 15 involved a different span of time and different individuals. Specifically, Count 2 included eight individuals in addition to Fernandez but not Luis Manuel Planas, and charged conduct from December 2, 2003 through April 20 2004. Count 15, in contrast, alleged an agreement among Fernandez, Planas and Torres to engage in insurance fraud during a much narrower window in March 2004. Thus, under Florida law, the two conspiracies charged separate offenses, and a conviction on both counts did not violate Fernandez's right against double jeopardy. *C.f. Mathes v. State*, 106 So. 3d 73, 75 (Fla. 2d DCA 2013) (holding that a conspiracy to deliver heroin was subsumed into a conspiracy to commit racketeering because both charges named a conspiracy to commit heroine as an objective, the same individuals were implicated in both offenses, and the two conspiracies allegedly occurred during the same time frame).

For these reasons, Fernandez's double jeopardy argument was meritless.  "A lawyer cannot be deficient for failing to raise a meritless claim." *Freeman v. Att'y Gen.*, 536 F.3d 1225, 1233 (11th Cir. 2008).  Accordingly, Fernandez cannot demonstrate that the Fourth DCA's determination that counsel's performance was constitutionally adequate was unreasonable.  We thus affirm without addressing prejudice.  *See Strickland*, 466 U.S. at 697.

**AFFIRMED.**