895 So.2d 1145 (2005)
Joseph SAFRANY, Petitioner,
v.
STATE of Florida, Respondent.
No. 2D04-3978.
District Court of Appeal of Florida, Second District.
February 11, 2005.
Rehearing Denied March 15, 2005.
*1146 Joseph Safrany, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Timothy A. Freeland, Assistant Attorney General, Tampa, for Respondent.
VILLANTI, Judge.
Joseph Safrany, in his petition filed pursuant to Florida Rule of Appellate Procedure 9.141(c), raises two grounds alleging ineffective assistance of appellate counsel. We grant the petition as it relates to one of the grounds, and we deny, without comment, the remaining ground.
The testimony at trial showed that, while Safrany was driving under the influence of alcohol, his vehicle struck another vehicle, killing the driver of that vehicle and two of his passengers. As a result of the three deaths, Safrany was convicted of three counts of DUI manslaughter and three counts of vehicular homicide. Although the judgment establishes that Safrany was convicted of three counts of DUI manslaughter and three counts of vehicular homicide, he was sentenced only on the DUI manslaughter convictions. Safrany alleges that appellate counsel was ineffective in failing to argue on direct appeal that his convictions for vehicular homicide are prohibited by double jeopardy considerations.
In its response, the State concedes that a single death cannot support convictions for both DUI manslaughter and vehicular homicide. See State v. Chapman, *1147 625 So.2d 838, 839-40 (Fla.1993); Edwards v. State, 639 So.2d 203, 203 (Fla. 2d DCA 1994). However, the State argues that the question of whether such simultaneous convictions violate double jeopardy protections is one that should be raised in a Florida Rule of Criminal Procedure 3.800(a) motion rather than on direct appeal. The State's assertion is incorrect.
A claim that a judgment of conviction was entered in violation of double jeopardy protections cannot be raised in a rule 3.800(a) motion because the challenge is to the conviction and not to the sentence. See Plowman v. State, 586 So.2d 454, 455-56 (Fla. 2d DCA 1991); Smith v. State, 886 So.2d 336, 337-38 (Fla. 5th DCA 2004). Furthermore, a "violation of double jeopardy principles is fundamental error which, absent a knowing and voluntary waiver, may be raised for the first time on appeal." Hunsicker v. State, 881 So.2d 1166, 1169 (Fla. 5th DCA 2004). In Gisi v. State, 848 So.2d 1278 (Fla. 2d DCA 2003), we held that Gisi's appellate counsel was ineffective for not raising the issue that certain of Gisi's convictions "were barred by double jeopardy considerations regardless of the fact that trial counsel did not present this argument to the trial court." Id. at 1281. We concluded that this "issue was not waived for appellate purposes because a double jeopardy violation constitutes fundamental error which can be raised for the first time on appeal." Id.
In the present case, because each of the three deaths resulted in a conviction for both DUI manslaughter and vehicular homicide, Safrany's convictions for vehicular homicide were barred by double jeopardy considerations. Because a new appeal would be redundant in this instance, we reverse the vehicular homicide convictions and remand to the trial court with directions to strike those convictions. See Hernandez v. State, 884 So.2d 281, 282 (Fla. 2d DCA 2004).
The petition is denied in part and granted in part with directions to the trial court.
SILBERMAN and KELLY, JJ., Concur.