901 So.2d 967 (2005)
David Patrick DURDEN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-508.
District Court of Appeal of Florida, Second District.
May 11, 2005.
Robert A. Norgard, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Katherine Coombs Cline, Assistant Attorney General, Tampa, for Appellee.
*968 SALCINES, Judge.
David Patrick Durden appeals his convictions for two counts of conspiracy to traffic in cocaine, trafficking in cocaine, and attempted trafficking in cocaine. Durden asserts for the first time on appeal that fundamental error occurred when he was convicted of two separate charges of conspiracy to traffic in cocaine. Because the two convictions violate the prohibition against double jeopardy, one of those convictions must be reversed and Durden must be resentenced. We, however, affirm the remainder of Durden's convictions.[1]
In Pinellas County Circuit Court case CRC93-7740, Durden was charged in a multiple-count information which included one count of conspiracy to traffic in cocaine in excess of 400 grams. The information alleged that the offense was committed between December 1 and 25, 1992. In the subsequently filed Pinellas County Circuit Court case CRC94-832, Durden was charged in a multiple-count information which also included one count of conspiracy to traffic in cocaine in excess of 400 grams. The information alleged that this offense was committed between December 26, 1992, and January 29, 1993. Both informations alleged that Durden and the same co-conspirators agreed "to knowingly sell, deliver or to knowingly, actually, jointly, or constructively possess" cocaine weighing more than 400 grams.
A criminal conspiracy is the agreement to commit a criminal act or acts, and if a single agreement exists, only one conspiracy exists even if the conspiracy has as its objectives the commission of multiple offenses. The conspiracy continues to exist until consummated, abandoned, or otherwise terminated by some affirmative act. Doolin v. State, 650 So.2d 44, 44-45 (Fla. 1st DCA 1995). As noted in Epps v. State, 354 So.2d 441, 442 (Fla. 1st DCA 1978), "[a] single conspiracy may have for its object the violation of two or more criminal laws or two or more substantive offenses. The conspiracy is still one offense, no matter how many repeated violations of the law may have been the object of the conspiracy." As noted in Aiello v. State, 390 So.2d 1205 (Fla. 4th DCA 1980), "In essence, the question is what is the nature of the agreement. If there is one overall agreement among the various parties to perform different functions in order to carry out the objectives of the conspiracy, then it is one conspiracy." Id. at 1207 (quoting United States v. Perez, 489 F.2d 51, 62 (5th Cir.1973)).
In the present case, the possession of the cocaine was not the end of the conspiracy. Both of the informations alleged that the offense included not only the possession of the cocaine, but also the sale and delivery of the substance. See Cam v. State, 433 So.2d 38, 39 (Fla. 1st DCA 1983). Whether an information properly charges multiple conspiracies or a single ongoing conspiracy depends upon analysis of the proof adduced at trial. Aiello, 390 So.2d at 1206-07. The burden was upon the State to demonstrate that the original conspiracy was consummated, abandoned, or otherwise terminated by some affirmative act. Cam, 433 So.2d at 39-40; see also Cummings v. State, 514 So.2d 406, 408 (Fla. 4th DCA 1987).
The evidence demonstrates that Durden and several other persons had an agreement *969 to purchase, possess, and sell large quantities of cocaine. As in Cutrell v. State, 560 So.2d 354, 354 (Fla. 5th DCA 1990), the evidence in the present case establishes that there was one overall conspiracy to traffic in cocaine by co-conspirator(s) making a series of trips to Miami and the cocaine was thereafter distributed in Florida and Georgia. The State failed to demonstrate that the original conspiracy was consummated, abandoned, or otherwise terminated by some affirmative act. See Cam, 433 So.2d at 39. When a defendant participates in one conspiracy to commit two crimes, he should only be convicted of one conspiracy charge. Cutrell, 560 So.2d at 354.
Accordingly, Durden's conviction and sentence in Pinellas County Circuit Court case CRC94-832 for one count of conspiracy to traffic in cocaine in excess of 400 grams is reversed. Durden's convictions in Pinellas County Circuit Court case CRC93-7740 and the remaining conviction in case CRC94-832 are affirmed. This matter is remanded for the trial court to resentence Durden for the convictions in both cases with a corrected Criminal Punishment Code scoresheet which excludes the conspiracy conviction which has been reversed.
Affirmed in part, reversed in part, and remanded for resentencing.
CANADY and VILLANTI, JJ., concur.
NOTES
[1] Durden also claims that there was prosecutorial misconduct during opening statement and closing argument and that the trial court abused its discretion regarding the admission of certain testimony. Without further discussion, we have determined that these issues are meritless.