987 So.2d 217 (2008)
Jose N. NEGRON GIL DE RUBIO, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-3521.
District Court of Appeal of Florida, Second District.
July 25, 2008.
*218 James Marion Moorman, Public Defender, and Kimberly Nolen Hopkins, Special Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Ha Thu Dao, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Chief Judge.
The evidence at Jose Negron Gil de Rubio's trial proved that he and others were involved in an ongoing operation that imported cocaine from Puerto Rico to Florida and carried cash back. Negron was convicted of money laundering, racketeering, conspiracy to commit racketeering, and conspiracy to commit drug trafficking. With one exception, we reject his arguments on appeal without discussion. We agree with Negron's contention that the dual conspiracy convictions violated double jeopardy.
The Double Jeopardy Clause prohibits multiple convictions and punishments for the same offense. Art. I, § 9, Fla. Const. Without a clear statement to show that the legislature intended to authorize separate punishments for multiple offenses arising from the same criminal transaction, courts generally apply the "same elements" test to determine whether there are separate offenses in a given case. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); Gordon v. State, 780 So.2d 17, 19-20 (Fla. 2001). In Florida, this test is codified as part of section 775.021, Florida Statutes (2004).
The courts have acknowledged, however, that a Blockburger analysis is ill-suited to a conspiracy case. United States v. Sinito, 723 F.2d 1250, 1256 (6th Cir.1983) (recognizing "inherent infirmities" in applying traditional double jeopardy analysis to conspiracy cases), disagreed with on other grounds by United States v. Wilson, 237 F.3d 827 (7th Cir.2001). Indeed, Blockburger was not mentioned in the seminal Florida case explaining the unique nature of a conspiracy, Brown v. State, 130 Fla. *219 479, 178 So. 153, 156 (Fla.1938), nor has it been discussed in the cases that followed.
At the heart of any conspiracy is an agreement. The offense is defined as follows: "A person who agrees, conspires, combines, or confederates with another person or persons to commit any offense commits the offense of criminal conspiracy...." § 777.04(3), Fla. Stat. (2004). If there is but a single agreement, then there is but a single conspiracy even though it involves the commission of multiple crimes. Durden v. State, 901 So.2d 967 (Fla. 2d DCA 2005). As the supreme court long ago explained:
It is well established that a single conspiracy may have for its object the violation of two or more criminal laws or two or more substantive offenses. The conspiracy is one offense and a single offense, no matter how many violations of the law have been the object of the conspiracy. And so one may not be convicted or acquitted of a conspiracy to accomplish a certain criminal act and again be put in jeopardy for the trial for the offense of the same conspiracy to commit a different criminal act.
Brown, 178 So. at 156.
In this case, the State proved that Negron took part in a single conspiracy with multiple objectives, including racketeering and drug trafficking. There was no evidence to suggest that a first conspiracy was consummated, abandoned, or otherwise terminated prior to the formation of a second conspiracy. See, e.g., Doolin v. State, 650 So.2d 44 (Fla. 1st DCA 1995); Cam v. State, 433 So.2d 38 (Fla. 1st DCA 1983). Accordingly, we reverse Negron's conviction and sentence for conspiracy to commit racketeering, which drew a lesser sentence when compared to the minimum mandatory term for the drug trafficking conspiracy. In all other respects, we affirm.
Affirmed in part, reversed in part.
ALTENBERND, J., and SALCINES, E.J., Senior Judge, concur.