PER CURIAM.
 

 Nestor Rios, in his petition filed in accordance with Florida Rule of Appellate Procedure 9.141(c), raises several grounds alleging ineffective assistance of appellate counsel. We grant the petition as it relates to one of the grounds raised therein, and we deny, without comment, the remaining grounds.
 

 Following a jury trial, Rios was convicted of violating the Florida Racketeer Influenced and Corrupt Organization (RICO) Act, conspiracy to commit RICO, conspiracy to traffic in heroin, and trafficking in illegal drugs. This court affirmed the judgments and sentences.
 
 Rios v. State,
 
 4 So.3d 1234 (Fla. 2d DCA 2008) (table decision). The charges arose from a lengthy investigation involving numerous codefen-dants. In ground three of the petition, Rios alleges that appellate counsel was ineffective in failing to argue that his convictions for both conspiracy to commit RICO and conspiracy to traffic in heroin are violative of double jeopardy principles where the evidence at trial established only one overall conspiracy with multiple objectives that included both racketeering and drug trafficking. Rios further alleges that there was no testimony to establish that the original conspiracy was consummated, abandoned, or otherwise terminated by some affirmative act prior to the formation of a second conspiracy.
 

 Count three of the information charged conspiracy to commit RICO. The acts agreed to be done were possession and/or delivery of heroin, transporting the monetary proceeds from the unlawful activity, and conducting financial transactions in regard to the proceeds derived from heroin trafficking. Although the information charged that Rios and his confederates conspired to possess and/or deliver heroin, it further alleged that the possession and/or delivery violated section 893.135, Florida Statutes (1997-1999), which is the trafficking-in-controlled-substances statute. Thus the conspiracy to commit RICO charged conspiracy to traffic in heroin as one of the goals of the conspiracy. In fact, the other alleged goals of the conspiracy grew out of, and were tangential to, the conspiracy to traffic in heroin. Furthermore, there was no evidence elicited at trial that Rios ever possessed or delivered less than a trafficking amount or that he conspired to do so. The information alleged that Rios and his confederates were engaged in the conspiracy to commit RICO from September 1, 1998, to February 22, 2000.
 

 Count four of the information charged conspiracy to traffic in heroin from September 1, 1998, to February 20, 2000. Thus the time period for the conspiracy to commit RICO incorporated the time period for the conspiracy to traffic in heroin. The conspiracy-to-traffic-in-heroin count alleged that the defendants conspired to possess or deliver twenty-eight grams of heroin or more in violation of section 893.135(l)(e)(l)(c). All seventeen of the conspirators, including Rios, who were list
 
 *1006
 
 ed on the conspiracy-to-commit-RICO count were also listed as conspirators on the conspiracy to traffic in heroin charged in count four. No other persons were listed.
 

 Rios’ claim that his convictions for both conspiracy to commit RICO and conspiracy to traffic in heroin violate double jeopardy protections is cognizable in a petition alleging ineffective assistance of appellate counsel.
 
 See Gisi v. State,
 
 848 So.2d 1278, 1281-82 (Fla. 2d DCA 2003) (holding that appellate counsel was ineffective in failing to argue that certain of Gisi’s convictions for violations of section 800.04, Florida Statutes (1997), were barred by the prohibition against double jeopardy). Even though trial counsel in the present case did not preserve this issue for appellate review, “[b]ecause a double jeopardy violation constitutes fundamental error, it may be raised for the first time on appeal.”
 
 Eichelberger v. State,
 
 949 So.2d 358, 359 (Fla. 2d DCA 2007) (citing
 
 Marinelli v. State,
 
 706 So.2d 1374, 1375 n. 1 (Fla. 2d DCA 1998);
 
 see also Gisi
 
 848 So.2d 1278;
 
 Singleton v. State,
 
 561 So.2d 1296 (Fla. 2d DCA 1990)) (holding that the double jeopardy violation arising out of Singleton’s convictions for sale and possession of the same two pieces of rock cocaine constituted fundamental error that could be raised for the first time on appeal). All of the above cases were available to appellate counsel prior to the filing of the initial brief in the direct appeal.
 

 Rios cites to
 
 Durden v. State,
 
 901 So.2d 967 (Fla. 2d DCA 2005), in support of his claim. Durden was charged in one case with conspiracy to traffic in cocaine from December 1 to 25, 1992. He was charged in a second case with conspiracy to traffic in cocaine from December 26, 1992, to January 29, 1993. Both informations charged that Durden and his coconspira-tors agreed to sell, deliver, or possess more than 400 grams of cocaine. This court reversed the second of Durden’s conspiracy convictions, which alleged the later dates for the offense, because there was no showing that the initial conspiracy had come to an end and was not still ongoing during the time period alleged for the second conspiracy count. This court stated:
 

 A criminal conspiracy is the agreement to commit a criminal act or acts, and if a single act agreement exists, only one conspiracy exists even if the conspiracy has as its objectives the commission of multiple offenses. The conspiracy continues to exist until consummated, abandoned, or otherwise terminated by some affirmative act.
 

 Id.
 
 at 968. This court further concluded that whether an information properly charges multiple conspiracies or a single ongoing conspiracy depends upon analysis of the proof at trial.
 
 Id.
 
 The
 
 Durden
 
 opinion issued prior to the filing of the notice of appeal in the present case.
 

 In this case, the State charged two separate conspiracies in counts three and four of the information. However, the conspiracy to traffic in heroin by possessing or delivering a trafficking amount of heroin is subsumed into the conspiracy to commit RICO count, which included possession and/or delivery of a trafficking amount of heroin during the same time period by the same codefendants. The RICO conspiracy was an agreement to commit criminal acts, including trafficking in heroin. It is clear from the evidence adduced at trial that there was one conspiracy and that the conspiracy to traffic in heroin was part of the conspiracy to commit RICO. We conclude, therefore, that counsel was ineffective in failing to argue that Rios’ convictions for both conspiracy to commit RICO as charged in count three of the information and conspiracy to traffic
 
 *1007
 
 in heroin as charged in count four of the information were prohibited by double jeopardy considerations.
 

 Ordinarily, we would grant Rios a new appeal on the issue that we have determined appellate counsel was ineffective in failing to raise. However, a little over a month after the issuance of a per curiam affirmed opinion in the direct appeal in this case, this court issued
 
 Negron Gil de Rubio v. State,
 
 987 So.2d 217 (Fla. 2d DCA 2008), wherein we cited to
 
 Durden
 
 in holding that Negron’s convictions for both conspiracy to commit drug trafficking and conspiracy to commit racketeering were barred by double jeopardy principles. We stated: “[T]he State proved that Negron took part in a single conspiracy with multiple objectives, including racketeering and drug trafficking. There was no evidence to suggest that a first conspiracy was consummated, abandoned, or otherwise terminated prior to the formation of a second conspiracy.”
 
 Id.
 
 at 219. In
 
 Negron,
 
 we noted that the courts have acknowledged that an analysis under
 
 Blockburger v. United States,
 
 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), is ill-suited to a conspiracy case. 987 So.2d at 218-19. Based on the holding in
 
 Negron,
 
 we would be compelled to grant relief if we awarded Rios a new appeal on this issue. Because a new appeal would be redundant in this case, we remand to the trial court to strike Rios’ conviction in either count three or count four of the information.
 
 See Hernandez v. State,
 
 884 So.2d 281, 282 (Fla. 2d DCA 2004).
 

 Petition denied in part and granted in part.
 

 VILLANTI, WALLACE, and KHOUZAM, JJ., Concur.