VILLANTI, Judge.
 

 Clinton Clemente Rodriguez, in a petition filed pursuant to Florida Rule of Appellate Procedure 9.141(c), raises nine grounds alleging ineffective assistance of appellate counsel. We grant the petition
 
 *178
 
 as to grounds two and nine, and we deny the remaining grounds without comment.
 

 Rodriguez was charged, along with co-defendants Jose Negron Gil De Rubio (Negron), Rafael Menendez, Nelson Mon-serrote, and Jeffrey Rodriguez, with racketeering, conspiracy to commit racketeering, conspiracy to traffic in cocaine, money laundering, possession of cocaine with intent to sell or deliver, and possession of cannabis with intent to sell or deliver. Rodriguez was tried jointly with Negron, and Menendez and Jeffrey Rodriguez testified as State’s witnesses. After a jury trial, Rodriguez was convicted as charged, and his judgment and sentences were affirmed on direct appeal.
 
 Rodriguez v. State,
 
 993 So.2d 527 (Fla. 2d DCA 2008) (table decision).
 

 In the second ground of his petition, Rodriguez contends that appellate counsel was ineffective in failing to argue that the trial court erred in denying his motion for judgment of acquittal on the basis that there was insufficient evidence of money laundering for that charge to go to the jury. Our review of the record leads us to agree.
 

 The money laundering count of the information alleged that Rodriguez, Negron, Menendez, Monserrote, and Jeffrey Rodriguez
 

 on the 4th day of May, 2005 ... while
 
 knowing that the 'property involved in a financial transaction represented the proceeds of some form of unlawful activity, did conduct or attempt to conduct such a financial transaction which in fact involved the proceeds of specified unlawful activity,
 
 with the intent to promote the carrying on of specified and unlawful activity or knowing that the transaction is designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity, in an amount exceeding $20,000 but less than $100,000 in a 12-month period.
 

 (Emphasis added.) The information alleged that this conduct was a violation of section 896.101(3), Florida Statutes (2005).
 

 At trial, the testimony established that Negron regularly mailed large quantities of cocaine from Puerto Rico to Monserrote in Florida. Monserrote would then provide smaller quantities of cocaine to other dealers, who would sell the cocaine before paying Monserrote for it. Rodriguez was one of the people to whom Monserrote would provide cocaine. Periodically, Mon-serrote would meet with Menendez and give him the money he had collected from the cocaine sales. Menendez would then fly to Puerto Rico with the money to pay Negron. On May 4, 2005, Monserrote was stopped on 1-75 on his way to meet Men-endez to give him money to take to Neg-ron. Almost $58,000 in cash and a half a kilo of cocaine were found in Monserrote’s vehicle.
 

 In his motion for judgment of acquittal, Rodriguez argued that the State had presented no evidence that he ever gave any money or other property to Mon-serrote or that he engaged in any financial transaction with Monserrote or the other codefendants and thus the State had failed to prove the charge of money laundering. While the State presented evidence that Monserrote was
 
 attempting
 
 to collect money from Rodriguez, it presented no evidence that Monserrote had, at any time, actually collected that money or any part of it. Based upon our record review, we agree with Rodriguez that this evidence was legally insufficient to prove the charge of money laundering against him and that this issue was sufficiently preserved for review. We therefore conclude that appellate counsel was ineffective in failing to
 
 *179
 
 raise this issue on direct appeal. Because a new appeal would be redundant in this instance, we simply reverse the money laundering conviction and remand for the trial court to strike that conviction and its resulting sentence.
 
 See Safrany v. State,
 
 895 So.2d 1145, 1147 (Fla. 2d DCA 2005).
 

 In ground nine of the petition, Rodriguez alleges that appellate counsel was ineffective in failing to argue that a double jeopardy -violation occurred when he was convicted of both conspiracy to commit racketeering and conspiracy to commit drug trafficking. He relies on
 
 Negron Gil de Rubio v. State,
 
 987 So.2d 217 (Fla. 2d DCA 2008), and
 
 Durden v. State,
 
 901 So.2d 967 (Fla. 2d DCA 2005), both of which support his argument here.
 

 As noted above, Negron and Rodriguez were tried jointly. Count two of the su-persedeas information charged Rodriguez, Negron, Menendez, Monserrote, and Jeffrey Rodriguez with conspiracy to commit racketeering. That count alleged, inter alia, that Rodriguez and the others conspired to traffic in cocaine between April 1, 2005, and May 12, 2005. Count four charged the same defendants with conspiracy to traffic in cocaine on or about May 4, 2005. There was no evidence that Rodriguez or the others engaged in a conspiracy to traffic in cocaine after May 4, 2005, which was the date Monserrote was stopped by the police.
 

 In his direct appeal, Negron argued that the Double Jeopardy Clause prohibited convictions for both conspiracy to traffic in cocaine and conspiracy to commit racketeering.
 
 Negron Gil de Rubio,
 
 987 So.2d at 218. In reversing Negron’s conspiracy to commit racketeering conviction, this court noted: “[T]he State proved that Negron took part in a single conspiracy with multiple objectives, including racketeering and drug trafficking. There was no evidence to suggest that a first conspiracy was consummated, abandoned, or otherwise terminated prior to the formation of a second conspiracy.”
 
 Id.
 
 at 219. This court also cited
 
 Durden
 
 for the proposition that “[i]f there is but a single agreement, then there is but a single conspiracy even though it involves the commission of multiple crimes.”
 
 Id.
 
 (citing
 
 Durden,
 
 901 So.2d at 967).
 

 The same rationale that applied in
 
 Neg-ron Gil de Rubio
 
 applies to Rodriguez’s participation in the conspiracy here. Further, the opinion in
 
 Negron Gil de Rubio
 
 was issued a month prior to the issuance of our per curiam opinion in Rodriguez’s direct appeal. However, Rodriguez did not preserve this issue for review by first raising it in the trial court.
 

 Despite this lack of preservation, however, we hold that Rodriguez is entitled to relief on this issue. In
 
 Rios v. State,
 
 19 So.3d 1004, 1006-07 (Fla. 2d DCA 2009), this court held that counsel was ineffective in failing to argue that Rios’s convictions for both conspiracy to commit racketeering and conspiracy to traffic in heroin violated double jeopardy protections. Like Rodriguez, Rios did not preserve the issue in the trial court. However, we held that because a double jeopardy violation constitutes fundamental error, it may be raised for the first time on appeal.
 
 Id.
 
 at 1006. Thus, we found that appellate counsel was ineffective in failing to argue that Rios’s dual conspiracy convictions were prohibited by double jeopardy considerations and we granted Rios relief on this claim.
 
 Id.
 
 at 1006-07. We likewise grant relief to Rodriguez here.
 

 The only remaining question is the proper remedy. In
 
 Negron Gil de Rubio,
 
 we held that the proper remedy for this type of double jeopardy violation was to strike the conviction that drew the lesser sentence. 987 So.2d at 219;
 
 accord Rios,
 
 19
 
 *180
 
 So.3d at 1007. In the present case, Rodriguez was sentenced to fifty years’ prison as a habitual felony offender on the conspiracy to commit racketeering, and he was sentenced to fifty years’ prison as a habitual felony offender with a fifteen-year minimum mandatory sentence on the conspiracy to traffic in cocaine. Accordingly, because it drew the lesser sentence in this case, we reverse Rodriguez’s conviction for conspiracy to commit racketeering and remand to the trial court to strike that conviction and sentence.
 
 See Rios,
 
 19 So.3d at 1007;
 
 Safrany,
 
 895 So.2d at 1147.
 

 Petition granted in part, denied in part, and remanded with instructions.
 

 SILBERMAN and WALLACE, JJ„ Concur.