KHOUZAM, Judge.
Darían James, in a petition filed pursuant to Florida Rule of Appellate Procedure 9.141(c), raises four grounds alleging ineffective assistance of appellate counsel. We agree with James’s contention that counsel was ineffective in failing to argue that his convictions for both conspiracy to commit racketeering and conspiracy to traffic in cocaine were barred by the constitutional prohibition against double jeopardy. We deny the remaining grounds without comment.
Following a jury trial, James was convicted of racketeering, conspiracy to commit racketeering, conspiracy to traffic in cocaine, and trafficking in cocaine. Count two of the information charged conspiracy to commit racketeering. It listed various participants in the conspiracy, including the petitioner. The conspiracy to commit racketeering charged conspiracy to traffic in cocaine as one of the goals of the conspiracy. Count four charged the same fifteen defendants with conspiracy to traffic in cocaine. No other persons were listed. The information alleged that both the conspiracy to commit racketeering charged in count two and the conspiracy to traffic in cocaine charged in count four were committed between August 1, 2005, and November 10, 2005. There was no evidence presented at trial that the petitioner or his coconspirators engaged in a conspiracy to traffic in cocaine outside the dates alleged, and the State, in its response to the petition, acknowledges both conspiracies had the same duration and participants. Thus, the time period for the conspiracy to commit racketeering incorporated the time period for the conspiracy to traffic in cocaine, and the conspiracy to traffic in cocaine was subsumed into the conspiracy to commit racketeering. James contends that because of this, his convictions for both conspiracy to commit racketeering and conspiracy to traffic in cocaine were violative of double jeopardy protections and that counsel was ineffective in failing to raise this claim on direct appeal.
As James correctly states, a double jeopardy violation constitutes fundamental error which may be raised for the first time on appeal. See Rios v. State, 19 So.3d 1004, 1006 (Fla. 2d DCA 2009); Gisi v. State, 848 So.2d 1278 (Fla. 2d DCA 2003). In this instance, we are governed by our opinion in Rios, which issued before the initial brief in the direct appeal was *494 filed in the present case. Rios was convicted of conspiracy to commit racketeering and conspiracy to traffic in heroin. 19 So.3d at 1005. The conspirators were the same in both counts, and the time period for the conspiracy to commit racketeering incorporated the time period for the conspiracy to traffic in heroin. This court in Rodriguez v. State, 36 So.3d 177, 179 (Fla. 2d DCA 2010), summarized the Rios decision as follows:
In Rios v. State, 19 So.3d 1004, 1006-07 (Fla. 2d DCA 2009), this court held that counsel was ineffective in failing to argue that Rios’s convictions for both conspiracy to commit racketeering and conspiracy to traffic in heroin violated double jeopardy protections.... Rios did not preserve the issue in the trial court. However, we held that because a double jeopardy violation constitutes fundamental error, it may be raised for the first time on appeal. Id. at 1006. Thus, we found that appellate counsel was ineffective in failing to argue that Rios’s dual conspiracy convictions were prohibited by double jeopardy considerations and we granted Rios relief on this claim. Id. at 1006-07.
Here, it was fundamental error for the trial court to convict the petitioner of both conspiracy to commit racketeering and conspiracy to traffic in cocaine, and we hold that counsel rendered ineffective assistance when he failed to raise this issue on direct appeal.
A new appeal would be redundant in this case. See Rios, 19 So.3d at 1007. Because the conspiracy to commit racketeering drew a lesser sentence,[1] we reverse that conviction and remand to the trial court to strike it. See Rodriguez, 36 So.3d at 180.
Petition denied in part and granted in part.
DAVIS and VILLANTI, JJ., Concur.

. James was sentenced to concurrent sentences of twenty years' imprisonment on both conspiracy counts; however, the sentence on the conspiracy to traffic in cocaine conviction included a fifteen-year minimum mandatory term.