PER CURIAM.
 

 Nathaniel Beard timely appeals the summary denial of his 3.850 motion, which raised three ineffective assistance of counsel claims and one claim that his sentence is illegal. Beard’s motion was summarily denied by the trial court. This court affirms the denial of all claims except Beard’s claim that the two conspiracy convictions violate double jeopardy. The attached record does not refute this claim, and it is necessary' to reverse and remand the matter for the trial court to attach those portions of the record that refute the
 
 *367
 
 claim or to vacate the conviction of the lesser conspiracy offense.
 

 Beard was convicted, after a jury trial, of conspiracy to commit burglary of a dwelling, conspiracy to commit robbery, armed burglary of a dwelling, and attempted robbery with a deadly weapon. In Beard’s appeal of his postconviction motion, he takes issue with the convictions and sentences for the two conspiracy counts. Beard was sentenced to five years at the Department of Corrections on one of the counts and to three years on the second count, both to run consecutively. Beard argues that to be convicted and sentenced on the two conspiracy counts is a violation of double jeopardy.
 

 In denying Beard’s 3.850 motion, the trial court did a Blockburger
 
 [1]
 
 analysis as codified in section 775.021(4)(a), Florida Statutes. The trial court determined that the conspiracy was a conspiracy to commit two separate crimes and, therefore, the elements of the crimes were not the same. However, the court was incorrect in using the
 
 Blockburger
 
 analysis for the crime of conspiracy. As it relates to a conspiracy, it must be determined if there is a single “agreement to commit a criminal act or acts, and if a single agreement exists, only one conspiracy exists even if the conspiracy has as its objectives the commission of multiple offenses.”
 
 Durden v. State,
 
 901 So.2d 967, 968 (Fla. 2d DCA 2005);
 
 see also Negron Gil De Rubio v. State,
 
 987 So.2d 217 (Fla. 2d DCA 2008).
 

 In reviewing the record in this case, it is impossible to determine whether or not there was a single agreement to commit more than one crime or two separate agreements to commit different crimes. The lower court did not attach any documents refuting Beard’s claim of double jeopardy. It would appear in reviewing the record that it was one agreement to commit more than one criminal act.
 

 The matter is reversed and remanded to the trial court to provide attachments from the record that conclusively refute Beard’s claim that the convictions for two counts of conspiracy violate the principles of double jeopardy or to vacate the conviction for the lesser conspiracy offense.
 

 REVERSED and REMANDED WITH INSTRUCTIONS.
 

 GRIFFIN, COHEN and JACOBUS, JJ., concur.
 

 [1]
 

 .
 
 Blockburger v. United States,
 
 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).