WALLACE, Judge.
Christian Michael Mathes challenges his judgment and sentences for conspiracy to commit racketeering and conspiracy to deliver heroin. On appeal, Mr. Mathes asserts for the first time that his convictions *74 for both conspiracy to commit racketeering and conspiracy to deliver heroin violate double jeopardy. Because the conspiracy-to-deliver-heroin charge is an underlying objective of the conspiracy-to-commit-racketeering charge, we agree that the dual conspiracy convictions violate double jeopardy. We reverse Mr. Mathes’ conviction and sentence for conspiracy to deliver heroin,[1] and we affirm Mr. Mathes’ conviction and sentence for conspiracy to commit racketeering.
The State charged Mr. Mathes, along with nineteen other coconspirators, with (1) racketeering, (2) conspiracy to commit racketeering, (8) trafficking in heroin, and (4) conspiracy to traffic in heroin. Mr. Mathes’ charges in this case arise from his participation in a criminal operation organized to import heroin from Puerto Rico for distribution and sale in Florida. Mr. Mathes’ involvement in the enterprise consisted primarily of his activity as a frequent purchaser of heroin, but the State also presented evidence at trial that Mr. Mathes occasionally resold the heroin he received from the criminal organization to various third parties. The State tried Mr. Mathes jointly with two other coconspira-tors similarly situated within the hierarchy of the criminal enterprise. Following the close of the State’s case, Mr. Mathes moved for a judgment of acquittal. The trial court granted Mr. Mathes’ motion on counts one and three and reduced count four to conspiracy to deliver heroin. The jury returned a verdict finding Mr. Mathes guilty of conspiracy to commit racketeering and conspiracy to deliver heroin. On appeal, Mr. Mathes argues that his convictions for both conspiracies violate double jeopardy.
“Because a double jeopardy violation constitutes fundamental error, it may be raised for the first time on appeal.” Eichelberger v. State, 949 So.2d 358, 859 (Fla. 2d DCA 2007); see also Haag v. State, 67 So.3d 351, 352 (Fla. 2d DCA 2011); Safrany v. State, 895 So.2d 1145, 1147 (Fla. 2d DCA 2005) (noting that a double jeopardy claim may be made for the first time on appeal “absent a knowing and voluntary waiver”).
In Negron Gil De Rubio v. State, 987 So.2d 217, 219 (Fla. 2d DCA 2008), this court recognized that multiple convictions for “a single conspiracy with multiple objectives, including racketeering and drug trafficking,” violate double jeopardy. Here, the State charged Mr. Mathes with two separate conspiracies in counts two and four of the supersedeas information. Count two charged twenty individuals, including Mr. Mathes, with conspiracy to commit racketeering, listing the underlying acts of the conspiracy as possession and/or delivery of heroin, trafficking in heroin, purchase of heroin, and multiple violations of the Federal Wiretap Act. Count four charged Mr. Mathes and the same coconspirators with conspiracy to traffic in heroin, although the trial court later reduced count four as applied to Mr. Mathes to conspiracy to deliver heroin. The information alleged that both the conspiracy to commit racketeering and the conspiracy to deliver heroin occurred within the period from April 15, 2009, to July 23, 2009.
In this case, the conspiracy to deliver heroin was subsumed into the conspiracy to commit racketeering because (1) the charge of conspiracy to commit racketeering named a conspiracy to deliver heroin as an objective of the racketeering conspiracy, (2) the same individuals were implicated in both offenses, and (3) the two con *75 spiracies were alleged to have occurred during the same time frame. See James v. State, 61 So.3d 492, 498 (Fla. 2d DCA 2011) (finding that where a count of conspiracy to commit racketeering charged conspiracy to traffic cocaine as one of the goals of the racketeering conspiracy and the two conspiracies had the same duration and participants, “the conspiracy to traffic in cocaine was subsumed into the conspiracy to commit racketeering”); Rodriguez v. State, 36 So.3d 177, 179 (Fla. 2d DCA 2010) (finding a single conspiracy where a charge of conspiracy to commit racketeering alleged conspiracy to traffic in cocaine, and the two conspiracies had the same participants and occurred within the same period). Moreover, the evidence presented at trial established that only one comprehensive conspiracy existed, albeit a conspiracy with multiple objectives, which included racketeering and delivery of heroin.[2] Negron Gil De Rubio, 987 So.2d at 219 (“If there is but a single agreement, then there is but a single conspiracy even though it involves the commission of multiple crimes.” (citing Durden v. State, 901 So.2d 967, 968 (Fla. 2d DCA 2005))); Rios v. State, 19 So.3d 1004, 1006 (Fla. 2d DCA 2009).
Because Mr. Mathes was convicted of conspiracy to commit racketeering with an underlying goal of conspiracy to deliver heroin and a separate offense of conspiracy to deliver heroin, we conclude that his convictions on both charges violate double jeopardy. Accordingly, we reverse Mr. Mathes’ conviction for conspiracy to deliver heroin and remand to the trial court to strike that conviction and sentence.[3] See Rodriguez, 36 So.3d at 179-80 (holding that the proper remedy for this type of violation is to strike the conviction that drew the lesser sentence); Negron Gil De Rubio, 987 So.2d at 219.
Affirmed in part; reversed and remanded in part.
VILLANTI and KHOUZAM, JJ., Concur.

. Mr. Mathes raised an additional argument on appeal; however, his remaining argument is without merit and does not warrant further discussion.

. The State conceded in its brief that only one conspiracy existed and that the conspiracy to deliver heroin was part of the conspiracy to commit racketeering.

. Mr. Mathes was sentenced to concurrent sentences of eight years' imprisonment on the conspiracy-to-commit-racketeering charge and five years’ imprisonment on the conspiracy-to-deliver-heroin charge.