PER CURIAM.
Although inconsistent verdicts are generally permitted in Florida, an exception is recognized when an acquittal on one charge negates a necessary element for conviction on another charge. Robert Wight appeals his conviction for conspiracy to commit unlawful compensation or reward for official behavior, arguing that a “true” inconsistent verdict occurred when he was acquitted of conspiracy to commit racketeering. Under the facts of this case and based on the manner in which Wight was charged, we find merit in his argument and reverse.

Factual Background

Wight is a vice-president and co-owner of Chaz Equipment Company, which performs rehabilitation and installation work on pipelines and sanitary sewer manholes. Chaz has contracts with municipalities in Palm Beach County, particularly in Boyn-ton Beach, Delray Beach, Lantana, and Lake Worth.
Testimony at trial reflected that Wight gave three different employees of the City of Delray Beach gift cards at Christmas time. The gift cards were from various retailers and ranged in denominations of $50 to $300. Wight either personally handed the employees the cards or included them in a Christmas card. Wight told the employees that the cards were “not about doing business, it’s about a relationship.”
Chaz also provided various municipal employees with trips to NASCAR races in Homestead and Daytona Beach, paying for the employee’s tickets, hotel bill, and some meals. One Chaz employee testified that Chaz management had meetings regarding these trips and that Wight was present at these meetings.
Wight, along with the president of Chaz and two other Chaz employees, were charged with racketeering, conspiracy to commit racketeering, and conspiracy to commit unlawful compensation or reward for official behavior. For racketeering and conspiracy to commit racketeering, Wight and his three codefendants were charged with committing and conspiring to commit at least two of forty-one predicate incidents of unlawful compensation or reward for official behavior occurring between November 19, 2004, and March 17, 2010. For conspiracy to commit unlawful compensation or reward for official behavior, Wight and his three codefendants were charged with conspiring to give various municipal *829 employees who supervised Chaz’s contracts unlawful gifts between January 1, 2008, and March 17, 2010. Wight was found not guilty of racketeering and conspiracy to commit racketeering, but guilty of conspiracy to commit unlawful compensation or reward for official behavior.

Analysis

Wight claims that a true inconsistent verdict exists because he was convicted of conspiracy to commit unlawful compensation or rewards for official behavior but acquitted of conspiracy to commit racketeering. His claim presents a pure issue of law, so the standard of review is de novo. Binns v. State, 979 So.2d 439, 441 (Fla. 4th DCA 2008); Dial v. State, 922 So.2d 1018, 1020 (Fla. 4th DCA 2006).
“Florida allows inconsistent verdicts because they may result from a jury’s lenity rather than a definitive statement on the innocence or guilt of a defendant.” Dial, 922 So.2d at 1020. An exception exists for “true” inconsistent verdicts, where an acquittal on one count negates a necessary element for conviction on another count. Id.
Wight argues the acquittal for conspiracy to commit racketeering necessarily negates the elements of conspiracy to commit unlawful compensation or rewards for official behavior, citing Rios v. State, 19 So.3d 1004 (Fla. 2d DCA 2009). In that case, the defendant was charged with conspiracy to commit racketeering and conspiracy to traffic in heroin. The conspiracy to commit racketeering alleged conspiracy to traffic in heroin as one of the predicate acts of the racketeering conspiracy. Id. at 1005. The defendant argued his convictions on both charges violated double jeopardy because only a single conspiracy existed. The Second District noted that “[a] criminal conspiracy is the agreement to commit a criminal act or acts, and if a single [] agreement exists, only one conspiracy exists even if the conspiracy has as its objectives the commission of multiple offenses. The conspiracy continues to exist until consummated, abandoned, or otherwise terminated by some affirmative act.” Id. at 1006 (quoting Durden v. State, 901 So.2d 967 (Fla. 2d DCA 2005)). Further, whether multiple conspiracies or a single conspiracy exists depends on the proof adduced at trial. Id. The Second District held that the conspiracy to traffic heroin count was subsumed into the conspiracy to commit racketeering count because the conspiracy to traffic heroin was part of the racketeering conspiracy and the evidence at trial reflected the existence of only a single conspiracy. Therefore, the court held convicting the defendant on both charges violated double jeopardy. Id. at 1006-07.
Rios is distinguishable from the instant case because Wight was not convicted of multiple conspiracies and the conspiracy to commit racketeering did not allege another conspiracy as one of the predicate acts; instead, all of the predicate acts were substantive offenses. However, the principle stated in Rios is well established in case law: whether multiple conspiracies or a single ongoing conspiracy exists depends upon analysis of the proof adduced at trial. Durden, 901 So.2d at 968; Cam v. State, 433 So.2d 38, 39 (Fla. 1st DCA 1983); Aiello v. State, 390 So.2d 1205, 1206 (Fla. 4th DCA 1980); Epps v. State, 354 So.2d 441, 442 (Fla. 1st DCA 1978). As explained in Aiello, “the question is what is the nature of the agreement. If there is one overall agreement among the various parties to perform different functions in order to carry out the objectives of the conspiracy, then it is one conspiracy.” Aiello, 390 So.2d at 1207 (quoting United States v. Perez, 489 F.2d 51, 62 (5th Cir.1973)).
*830 Here, the evidence presented at trial reflected one overall agreement between the officers and employees of Chaz to provide gifts to municipal employees in order to maintain a “relationship” between the municipal governments and Chaz. Simply because some Chaz employees, such as Wight, gave municipal employees gift cards while others provided free trips to NASCAR races does not establish the existence of multiple conspiracies.
The existence of a single conspiracy and the manner in which Wight was charged created a true inconsistent verdict in this case. Wight was convicted of participating in a conspiracy to commit unlawful compensation or reward for official behavior that began on January 1, 2008, and ended on March 17, 2010, but was acquitted of a conspiracy to commit racketeering that began on November 19, 2004, and ended on March 17, 2010. Wight’s acquittal of a conspiracy existing between 2004 and 2010 necessarily negates an element of a second charge accusing Wight of being involved in the same conspiracy between 2008 and 2010, particularly when both conspiracy charges allege, at their core, the same offense: unlawful compensation or reward for official behavior. Thus, we reverse Wight’s conviction for conspiracy to commit unlawful compensation or reward for official behavior and remand for the trial court to vacate the judgment and sentence.

Reversed and remanded.

DAMOORGIAN, C.J., WARNER and CONNER, JJ., concur.