WOLF, J.
Appellant challenges her multiple convictions and sentences stemming from a home invasion and murder. Upon concession by the State, we find that her dual convictions for conspiracy based on a single agreement to commit criminal acts violates the prohibition against double jeopardy. See Beard v. State, 69 So.3d 366, 367 (Fla. 5th DCA 2011). Therefore, we reverse and remand for the trial court to vacate one of the conspiracy convictions.
We affirm on all other issues. However, we write to address appellant’s argument that the trial court erred in denying her motion to suppress statements she made to police after she allegedly told officers, “I want to get a good lawyer.” The officers testified that they never heard appellant request an attorney. The trial court reviewed the video recording of the police interview and found appellant’s statement was not clear. The first time the court listened to the video, it did not hear appellant make a statement about a lawyer. After listening to the clip two more times, the court “finally was able to discern where the word ‘lawyer’ seemed to be what was being said.” However, the court stated, “I’m not sure that anyone not being told ahead of time, this is what you’re listening for, would have any indication that that’s what was being said.” Further, the court found the officers’ testimony that they did not hear the request was credible. Thus, the court concluded appellant did *1227 not make a clear and unambiguous request for counsel and denied her motion to suppress.
“ ‘The trial court’s ruling on a motion to suppress is a mixed question of law and fact.’ ” Panter v. State, 8 So.3d 1262, 1265 (Fla. 1st DCA 2009) (quoting Brye v. State, 927 So.2d 78, 80 (Fla. 1st DCA 2006)). “We review the trial court’s ruling denying a motion to suppress to determine whether competent, substantial evidence supports the factual findings.” Id. (citation omitted). “We must view the evidence and all reasonable deductions and inferences in a manner most favorable to sustaining the ruling.” Id. (citation omitted). “On a motion to suppress, the trial judge’s role is to weigh the credibility of the witnesses and resolve the evidentiary conflicts.” Pavon v. State, 12 So.3d 287, 287 (Fla. Sd DCA 2009) (citation omitted). In order to invoke the right to counsel, the suspect “must articulate his desire to have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney.” Davis v. United States, 512 U.S. 452, 459, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994) (citations omitted).
This court reviewed the video, and we find it supports the trial court’s factual finding that appellant’s statement was not clear. We also note that the relevant portion of the video was twice transcribed in the record, and in neither instance did the court reporter transcribe appellant as requesting an attorney. Further, the trial court’s finding that the officers’ testimony was credible is within the discretion of the court. Therefore, we affirm. As such, it is unnecessary for this court to consider the trial court’s alternate finding that even if the officers had heard appellant’s statement, they were not required to stop questioning, because her statement was equivocal. For the reasons discussed above, we reverse and remand for the trial court to vacate one of the conspiracy convictions, and we affirm on all other issues.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
LEWIS, C.J., and MAKAR, J., concur.