NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

LORENZO WILES,                    )
                                  )
            Petitioner,           )
                                  )
v.                                )      Case No. 2D14-1562
                                  )
STATE OF FLORIDA,                 )
                                  )
            Respondent.           )
_____)

Opinion filed April 1, 2015.

Petition Alleging Ineffective Assistance
of Appellate Counsel.  Hillsborough County;
Gregory P. Holder, Judge.

Lorenzo Wiles, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Bilal A. Faruqui,
Assistant Attorney General, Tampa,
for Respondent.


PER CURIAM.

         In his petitions filed under Florida Rule of Appellate Procedure 9.141(d),

Lorenzo Wiles raises five grounds alleging ineffective assistance of appellate counsel.

We grant the amended petition as to ground one, and we deny the remaining grounds

raised in the petitions without comment.

Following a jury trial, Wiles was convicted of violating the Florida RICO (Racketeer Influenced and Corrupt Organization) Act, conspiracy to commit racketeering, conspiracy to traffic in cocaine, and trafficking in cocaine. The trial court sentenced Wiles to concurrent terms of twenty-five years for each conviction, and it imposed fifteen-year mandatory minimum terms for the conspiracy to traffic in cocaine and trafficking in cocaine convictions. See § 893.135(1)(b)(1)(c), Fla. Stat. (2011). This court affirmed Wiles' judgments and sentences. Wiles v. State, 129 So. 3d 372 (Fla. 2d DCA 2013) (table decision).

In ground one of his amended petition, Wiles alleges that appellate counsel was ineffective in failing to argue that his convictions for both conspiracy to commit racketeering and conspiracy to traffic in cocaine violate the prohibition against double jeopardy. He contends that the evidence presented at trial established a single conspiracy, with both trafficking in cocaine and racketeering as objectives. In its response, the State offered no argument to refute Wiles' claim.

Count two of the information charged conspiracy to commit racketeering; trafficking in cocaine, in violation of section 893.135, was one of the three charged goals of the conspiracy. Count two also charged: "These acts were done in furtherance of a conspiratorial agreement to obtain cocaine in bulk quantities, distribute it at wholesale prices, or reprocess cocaine to be sold at wholesale and retail for profit, in violation of Florida Statute 893.135." Count four charged conspiracy to traffic in cocaine in violation of section 893.135(1)(b). The alleged dates of the conspiracy to traffic in cocaine were subsumed by the dates of the racketeering conspiracy, and the same thirteen conspirators were listed in both charges.

Convictions for both conspiracy to commit drug trafficking and conspiracy to commit racketeering violate double jeopardy principles when the evidence establishes only a single conspiracy with multiple objectives, including racketeering and drug trafficking. Negron Gil de Rubio v. State, 987 So. 2d 217, 219 (Fla. 2d DCA 2008). Such a double jeopardy violation constitutes fundamental error and may be raised for the first time on appeal. Rios v. State, 19 So. 3d 1004, 1006 (Fla. 2d DCA 2009). And when raised in a petition alleging ineffective assistance of counsel, this court has granted the petition, holding that counsel was ineffective in failing to argue that the convictions for both conspiracy to commit racketeering and conspiracy to traffic violated double jeopardy protections. Id. at 1006-07; see also James v. State, 61 So. 3d 492, 493 (Fla. 2d DCA 2011) (granting in part petitioner's petition alleging ineffective assistance of appellate counsel because appellate counsel failed to argue, as fundamental error, that petitioner's convictions for conspiracy to commit racketeering and conspiracy to traffic in cocaine violated double jeopardy when the conspiracies had the same duration and participants); Rodriguez v. State, 36 So. 3d 177, 179 (Fla. 2d DCA 2010) (same). Thus, appellate counsel was ineffective in failing to argue that Wiles' convictions violate the prohibition against double jeopardy.

However, unlike Rios and James, we do not have a sufficient record before us to determine what the evidence at trial established. See Mohr v. State, 927 So. 2d 1031, 1034-35 (Fla. 2d DCA 2006); cf. James, 61 So. 3d at 493 ("There was no evidence presented at trial that the petitioner or his coconspirators engaged in a conspiracy to traffic in cocaine outside the dates alleged . . . ."); Rios, 19 So. 3d at 1006 ("It is clear from the evidence adduced at trial that there was one conspiracy and that

the conspiracy to traffic in heroin was part of the conspiracy to commit RICO.").

Therefore, we grant the petition with instructions to the trial court to, within thirty days from the issuance of the mandate in this case, appoint an appellate attorney to file a brief limited to the issue outlined above. Appellate counsel shall, within thirty days from the date of the appointment, file a new notice of appeal and reference this opinion in the notice of appeal.

Petition denied in part and granted in part with directions.

CASANUEVA, KHOUZAM, and BLACK, JJ., Concur.