NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

LORENZO WILES,                         )
                                       )
            Appellant,                 )
                                       )
v.                                     )            Case No. 2D15-3811
                                       )
STATE OF FLORIDA,                      )
                                       )
            Appellee.                  )
                                       )
_____)

Opinion filed August 3, 2016.

Appeal from the Circuit Court for
Hillsborough County; Gregory P. Holder,
Judge.

Daniel M. Hernandez of Daniel M.
Hernandez, P.A., Tampa, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Bilal A. Faruqui, Assistant
Attorney General, Tampa, for Appellee.


SLEET, Judge.

        Lorenzo Wiles appeals his judgment and sentences entered after this

court granted in part and denied in part his petition alleging ineffective assistance of

appellate counsel.  See Wiles v. State, 162 So. 3d 342 (Fla. 2d DCA 2015).  Because

the evidence adduced at trial reflected that Wiles participated in a single conspiracy with

multiple criminal objectives, his convictions for both conspiracy to traffic in cocaine and

conspiracy to commit racketeering violate the prohibition against double jeopardy. Accordingly, we reverse Wiles' conviction for conspiracy to commit racketeering.

As set forth in Wiles, 162 So. 3d at 343, a jury found Wiles guilty of violating the Florida RICO (Racketeer Influenced and Corrupt Organization) Act, trafficking in cocaine, conspiracy to commit racketeering, and conspiracy to traffic in cocaine. The trial court sentenced him to concurrent terms of twenty-five years' prison for each conviction with fifteen-year mandatory minimum terms for the conspiracy to traffic in cocaine and trafficking in cocaine convictions. Id.; see also § 893.135(1)(b)(1)(c), Fla. Stat. (2011). After this court per curiam affirmed his convictions and sentences, see Wiles v. State, 129 So. 3d 372 (Fla. 2d DCA 2013) (table decision), Wiles filed a petition pursuant to Florida Rule of Appellate Procedure 9.141(d), alleging that appellate counsel was ineffective for failing to argue that his conspiracy convictions violated double jeopardy because he was part of a single conspiracy with multiple objectives, which included racketeering and trafficking in cocaine. This court agreed, granted the petition, and remanded for the circuit court to "appoint an appellate attorney to file a brief limited to the [double jeopardy] issue" because the record was insufficient to show whether the evidence presented at trial established "only a single conspiracy with multiple objectives." Wiles, 162 So. 3d at 343-44. This appeal followed.

This court has repeatedly held that convictions for multiple conspiracy charges violate double jeopardy when the State's trial evidence reflects that the defendant participated in a single conspiracy with multiple criminal objectives. See Vasquez v. State, 111 So. 3d 273, 276-77 (Fla. 2d DCA 2013); Mathes v. State, 106 So. 3d 73, 74 (Fla. 2d DCA 2013); Negron Gil de Rubio v. State, 987 So. 2d 217, 219 (Fla.

- 2 -

2d DCA 2008); Durden v. State, 901 So. 2d 967, 968 (Fla. 2d DCA 2005). Determining whether the State has proven a single conspiracy or multiple conspiracies depends on whether there was evidence of one or more agreements. Negron Gil de Rubio, 987 So. 2d at 219. "[A] single conspiracy may have for its object the violation of two or more criminal laws or two or more substantive offenses. The conspiracy is still one offense, no matter how many repeated violations of the law may have been the object of the conspiracy." Durden, 901 So. 2d at 968 (quoting Epps v. State, 354 So. 2d 441, 442 (Fla. 1st DCA 1978)). "The conspiracy continues to exist until consummated, abandoned, or otherwise terminated by some affirmative act." Rios v. State, 19 So. 3d 1004, 1006 (Fla. 2d DCA 2009) (quoting Durden, 901 So. 2d at 968).

In the information, the State alleged that the same thirteen individuals conspired to commit racketeering and trafficking in cocaine. The dates alleged in the trafficking conspiracy count were subsumed within the dates alleged in the racketeering conspiracy count. Furthermore, one of the alleged criminal activities that formed the basis for the racketeering conspiracy count was trafficking in cocaine. See Mathes, 106 So. 3d at 74-75 ("[T]he conspiracy to deliver heroin was subsumed into the conspiracy to commit racketeering because (1) the charge of conspiracy to commit racketeering named a conspiracy to deliver heroin as an objective of the racketeering conspiracy, (2) the same individuals were implicated in both offenses, and (3) the two conspiracies were alleged to have occurred during the same time frame."). During opening statement and closing argument the State consistently referred to a single enterprise or conspiracy, even though Wiles faced two different conspiracy charges.

On appeal the State argues that because the evidence at trial showed that Wiles and his fellow conspirators attempted to buy a large amount of cocaine on two

separate occasions, Wiles was a part of two separate conspiracies. However, the fact that the conspirators made two attempts to purchase cocaine is not enough to show that they participated in two separate agreements to commit criminal offenses. The evidence adduced at trial reflects that Wiles took part in a single conspiracy to purchase, possess, and distribute large quantities of cocaine. As in Durden and Negron Gil de Rubio, the State offered no evidence at trial and no argument on appeal that the original conspiracy "was consummated, abandoned, or otherwise terminated prior to the formation of a second conspiracy." Negron Gil de Rubio, 987 So. 2d at 219; see also Durden, 901 So. 2d at 969.

Because the lesser punishable offense was for conspiracy to commit racketeering, we reverse and remand for the trial court to vacate that sentence. However, we affirm Wiles' remaining convictions and sentences in all other respects.

Affirmed in part; reversed in part; remanded with instructions.

CASANUEVA and SALARIO, JJ., Concur.