May, J.
The defendant appeals an order summarily denying her amended motion for postconviction relief. She raises nineteen issues. We find merit in one of them and reverse and remand the case on that issue only.
The defendant was convicted of two counts of conspiracy to commit first degree murder and two counts of solicitation to commit first degree murder. She was sentenced to a total of 60 years in prison (two concurrent terms of 30 years followed consecutively by another two concurrent terms of 30 years). We affirmed her conviction on direct appeal.
She timely filed a rule 3.850 motion, alleging 19 grounds for relief. The trial court dismissed the initial motion with leave to amend. She filed an amended motion. After the State responded, the trial court summarily denied the motion. From this order, the defendant now appeals.
The evidence at trial showed the defendant and her son enlisted an acquaintance to kill the defendant’s boyfriend and his brother. The victims owned a convenience store where the defendant’s daughter once worked. The victims fired the defendant’s daughter for embezzling over $38,000 from the store. The victims agreed not to pursue legal action as long as the daughter repaid them $75 per week.
The defendant’s son contacted his acquaintance and asked him to kill the victims in exchange for cash and other property. He told the acquaintance that his mother wanted the victims killed because one had her daughter “pinched for $35,000.” The defendant wanted her boyfriend killed because she believed she would inherit money and property after he died.
The defendant’s son met with the acquaintance twice on the same day to discuss the murders and gave him Xanax pills as a down payment. The acquaintance wanted assurance that the defendant wanted the murders committed. He drove by her house; the defendant came out to the car and nodded affirmatively when asked whether she wanted the murders committed.
The defendant argues that counsel was ineffective for failing to argue it was a double jeopardy violation to convict her of two counts of conspiracy arising from a single agreement. The trial court agreed with the State that there was no double jeopardy violation because she entered into a “double conspiracy” to kill two victims for two different reasons.
Multiple convictions arising from a single conspiracy, even if the conspiracy has multiple objectives, violate double jeopardy. See Durden v. State, 901 So.2d *135 967, 968 (Fla. 2d DCA 2005) (“A criminal conspiracy is the agreement to commit a criminal act or acts, and if a single agreement exists, only one conspiracy exists even if the conspiracy has as its objectives the commission of multiple offenses.”). Whether multiple conspiracies or a single conspiracy exists depends on the proof at trial. See Wight v. State, 117 So.3d 827, 829 (Fla. 4th DCA 2013).
The State maintains there was no double jeopardy violation because the defendant conspired to have the two victims killed for two different reasons. However, the cases relied upon by the State are not persuasive and do not undermine the well-settled law that multiple convictions of conspiracy arising from a single agreement, even if the agreement has multiple objectives, violate double jeopardy.
The State concedes that an eviden-tiary hearing may be required if we find the present record insufficient. We do just that. It is unclear from this record whether multiple agreements existed to support the defendant’s convictions for two counts of conspiracy to commit first degree murder. We therefore reverse and remand the case for an evidentiary hearing or for the attachment of additional records conclusively refuting the defendant’s claim.

Reversed and Remanded.

Warner and Forst, JJ., concur.